[S. F. No. 279.   Department One.—May 1, 1896.]

ESTATE OF GEORGIANA HANHAM STRATTON, DECEASED.   EUGENE F. SMITH, RESPONDENT, v. F. E. MORGAN ET AL., APPELLANTS.

112  513
134  237
112  513
135   29

CONSTRUCTION OF OLOGRAPHIC WILL — NAME OF HUSBAND APPENDED — RESIDUARY LEGATEE.—Where there is no residuary legatee named in the body of the concluding portion of an olographic will, made by a wife, but underneath, and at the left-hand corner of the will, are written the words "my husband," with his name appended, the will will be construed as making him the residuary legatee, where the phraseology of the concluding part of the will is consistent with the intent to make him such legatee, and not consistent with the intent to make the legatee last named in the body of the will a residuary legatee.

ID.—ORDER OF WORDS—TRANSPOSITION—SUPPLY OF OMISSION.—The order in which the words of a will are written is not determinative of the testator's intention, and the order will be transposed if thereby the intention of the testator can be ascertained; and a word that has been manifestly omitted, and is essential to an understanding of the intention of the testator, will be supplied.

ID.—SUBSCRIPTION OF OLOGRAPHIC WILL.—The statute does not require that an olographic will shall be subscribed by the testator at the end thereof; and it is sufficient if it be signed by him, and the signing may be at the beginning, or in any part of the document.

ID.—EVIDENCE—UNFRIENDLY TREATMENT OF TESTATRIX BY HUSBAND.— Evidence of unfriendly treatment of the testatrix by her husband is not admissible, and cannot authorize a conclusion that she intended to exclude him from a share in her estate; nor is evidence admissible of his friendly conduct toward her.

APPEAL—PROOF OF SERVICE OF NOTICE—MOTION TO DISMISS.—Where a motion is made to dismiss an appeal for failure of the transcript to show a service of the notice of appeal upon the administrator of the decedent's estate, a supply of proof of such service at the hearing of the motion is sufficient answer to the motion, and the ground of the motion is thereby obviated.

APPEAL from a judgment of the Superior Court of Santa Cruz County.   J. H. LOGAN, Judge.

The facts are stated in the opinion of the court.

*Spalsbury & Burke,* for Appellants.

The evidence is insufficient to justify the finding "that it was the intention of said testatrix, Georgiana Hanham Stratton, that said Eugene F. Smith should be the residuary legatee thereunder, and none other." A word that has been manifestly omitted, and is essential to an understanding of the intention of the testator, will be supplied.   (*Mitchell* v. *Donohue,* 100 Cal. 202; 38 Am. St. Rep. 279, and cases cited.)   The grammatical sense of the words is not always regarded in construing wills, and words may be transposed if necessary.   (*Covenhoven* v. *Shuler,* 2 Paige, 122; 21 Am. Dec. 73.)   If the testatrix had intended the words " my husband, Thomas Stratton," as merely descriptive of herself, she would have written after her signature the words "wife of Thomas Stratton."   The words of a will are to receive an interpretation which will give to every expression

some effect. (Civ. Code, sec. 1325.) In the construction of a will the court will look to the surrounding circumstances, the situation of the parties, the ties which connect the testatrix with the objects of her bounty, and the motives which probably influenced her in disposing of her property. (*Colton* v. *Colton*, 127 U. S. 300.) If there is a doubt as between a stranger to the blood and an heir, the court will resolve such doubt in favor of the heir. (*Saylor* v. *Plaine*, 31 Md. 158; 1 Am. Rep. 34; *Peckham* v. *Lego*, 57 Conn. 553; 14 Am. St. Rep. 130.) The court erred in admitting testimony as to the treatment of the testatrix by her husband. (*Burlingame* v. *Rowland*, 77 Cal. 315; *Tait* v. *Hall*, 71 Cal. 149; *Largan* v. *Central R. R.*, 40 Cal. 272; *Clark* v. *Fisher*, 1 Paige, 171; 19 Am. Dec. 402; *Cameron* v. *State*, 14 Ala. 546; 48 Am. Dec. 111; *Otis* v. *Thom*, 23 Ala. 469; 58 Am. Dec. 303; *Parker* v. *Mise*, 27 Ala. 480; 62 Am. Dec. 776; *Inland etc. Co.* v. *Tolson*, 139 U. S. 551.)

*W. A. Beggs, John G. Jury*, and *W. A. Beasly*, for Respondent.

In the light of the circumstances surrounding the execution of the instrument, the intention of the testatrix was that Eugene F. Smith should be the residuary legatee, and that the words "my husband, Thomas Stratton," were used as descriptive only. (*Bruck* v. *Tucker*, 42 Cal. 346.) The will may be reconciled with the conclusions reached by the trial court as to the intention of testatrix; therefore the question of the intention of testatrix is at rest. (*Davis* v. *Smith*, 2 Cal. 423, 476; *Rice* v. *Cunningham*, 29 Cal. 492; *Appeal of Piper*, 32 Cal. 538; *California Bank* v. *Sayre*, 85 Cal. 102; *Woody* v. *Bennett*, 88 Cal. 241; *Clavey* v. *Lord*, 87 Cal. 413; *Roper* v. *McFadden*, 48 Cal. 346; *Mahan* v. *Wood*, 105 Cal. 12; *In re Sylvester*, 105 Cal. 189; *Soberanes* v. *Soberanes*, 106 Cal. 1.) The questions asked witness Pierce, as to the treatment of testatrix by her husband, were properly allowed, as the opinion of a witness is admis-

sible as to the appearance, conduct, and emotions of a
person. (*Sweet* v. *Tuttle*, 14 N. Y. 465; *Hardy* v. *Merrill*,
58 N. H. 227; 22 Am. Rep. 441; *De Witt* v. *Barly*, 17 N. Y.
340; 1 Wharton on Evidence, secs. 510, 512, 513, 516;
*Commonwealth* v. *Sturtivant*, 117 Mass. 122; 19 Am. Rep.
401; *Leonard* v. *Allen*, 11 Cush. 241; *Irish* v. *Smith*, 8
Serg. & R. 573; 11 Am. Dec. 648; *Trelawney* v. *Colman*,
2 Stark. 192; *Robertson* v. *Stark*, 15 N. H. 114; *McKee* v.
*Nelson*, 4 Cow. 355; 15 Am. Dec. 384; *Culver* v. *Dwight*,
6 Gray, 444; Best on Evidence, 585; *Nash* v. *Hunt*, 116
Mass. 237; *Taylor* v. *Grand Trunk R. R.*, 48 N. H. 309;
2 Am. Rep. 229; 1 Redfield on Wills, secs. 136–41; 1
Greenleaf on Evidence, sec. 440; 1 Phillips' Evidence,
290; 7 Am. & Eng. Ency. of Law, 492, note; *In re Wax*,
106 Cal. 343; *Holland* v. *Zollner*, 102 Cal. 636; *People* v.
*Lavelle*, 71 Cal. 351.)

HARRISON, J.—The administrator with the will an-
nexed of the above estate presented to the superior
court a petition for the distribution of the estate, alleg-
ing therein that the residue thereof was bequeathed by
the decedent to her husband, Thomas Stratton. This
distribution was contested by the respondent herein,
and, upon the hearing of the application, the court dis-
tributed the residue in the hands of the administrator
to him. We are of the opinion, however, that upon a
proper construction of the will, the testatrix intended that
her husband should be the residuary legatee of her estate.

The will is an olographic one, and the following is a
copy thereof:

"CALIFORNIA WATSONVILLE SATA CRUZ Co }
          "March 8th 1893 }

"I, Mrs Georgiana Hanham Stratton

"My last will, is, Within Two mounths of my death I
give to my Stept daghter Mrs Mary Ellen Hanham
Smith now reside in Stockton Cal.

"My Largest Feather Bead Boilster and one Pair of
the Best small Feather Pillows Her Uncle Thomas Han-
ham Picture and also mine Mrs. G. H. Stratton

"Her daughter Mrs. L B. Weaver—a Now reside in Stockton white shall Black Lace mantell and my Casmere Shall—

"To Miss Estella

"Estella Smith now reside in Stockton my Rings—and other little Jewlerey

"To Thomas Smith wife two white rappers

"To Albert Smith wife two white rappers

"The affore said Mrs Mary Ellen Hanham Smith all my Clothes I should have at my death

"To Eugene F. Smith my Large Meeror He has been agood young man to Us

"My wallnut Bead Room seat with wool Mattress and Spring Bead with Large pillows and a 3quarter walnut Beadstead with Spring Bead wool Mattress and Large Pillows

"I reserve the right to sell any arclel if we need the money

"Common Beadsteads with Feather Bead and all the rest of the Furniture and all Money in what Ever Shape he will have full controle after all Expenses is Paid of my sickness and death

"Mrs Georgiana Hanham Stratton

"my Husband

"Thomas Stratton."

From the foregoing copy of the will it will be seen that, after apportioning her personal belongings to some of her female friends, she mentions the respondent, to whom she gives a large mirror, and then, as if to give a reason for making him one of her beneficiaries, says: "He has been a good young man to us." She then specifies certain other articles of furniture to be given to him, and, after enumerating these articles, inserts after them the following clause: "I reserve the right to sell any article if we need the money." This clause would be peculiarly appropriate in a gift to a stranger, but would be entirely unsuitable in a gift to her husband; and from its position in the will, being applicable to the articles previously enumerated, rather than to

those subsequently named, tends to show that in the mind of the testator she intended them to form a bequest distinct from the other articles. By the "we" therein referred to, as by the "us" in the early part of the bequest to the respondent, the testatrix evidently referred to her husband and herself. A further indication that this portion was a separate bequest in her mind, rather than a continuation of the prior bequest to the respondent, appears from the fact that after writing this reserving clause a space considerably greater than between the written lines on the page is left blank before the concluding bequest is written.

There is no legatee named in the body of this concluding portion of the will, but underneath and at the left hand thereof is written the words, "my husband, Thomas Stratton." Taken by themselves, these words have no apparent connection with the other portions of the will, but the testatrix must be deemed to have written them with the intention that some effect should be given them, and that intention, so far as it can be gathered from the will itself and the circumstances under which it was executed, is to be ascertained by the court, and effect given thereto accordingly. The order in which the words of a will are written is not determinative of the testator's intention, and, under a well-recognized rule, this order will be transposed, if thereby the intention of the testator can be ascertained. So, too, a word that has been manifestly omitted, and is essential to an understanding of the intention of the testator, will be supplied. (*Mitchell* v. *Donohue*, 100 Cal. 202; 38 Am. St. Rep. 279.) If these words had been written at the beginning of this concluding portion of the will, even without any words of gift, the intention of the testatrix that her husband should have this property would be undoubted. So, too, if they had been written at the close of the will, in direct continuation thereof, prior to the signature of the testatrix, the same intention would have been manifest, even if the preposition "to" had been omitted. The statute does not

require that an olographic will shall be "subscribed by the testator at the end thereof." It is sufficient that it be "signed" by him (Civ. Code, sec. 1277) and this signing·may be at the beginning or in any part of the document. (1 Jarman on Wills, 6th ed., 113; see *Estate of Walker*, 110 Cal. 387.) When authenticated by his signature, all the remaining portion of the document is to be construed as expressing his will, and effect, if possible, is to be given to all of the language found therein.

The testatrix did not name an executor for her will, but in the portion under consideration is the clause, "he will have full control after the expenses is paid of my sickness and death." She must be assumed to have known that, in the absence of an executor named in the will, her husband would be entitled to the administration of her estate, and would be the person to pay the expenses of her sickness and death; and her declaration that "he" will have full control must be held to have referred to him. It is very clear that the person thus referred to as "he" is the one to whom she intended to give her common bedsteads and all the rest of the furniture, and the use of the phrase "all the rest" of the furniture is quite cogent for holding that the furniture thus disposed of constituted a different bequest from that made to the respondent. If she had intended that the respondent should have all her furniture and be her residuary legatee, this expression would have been unnecessary. The same person, however, who is to receive "all the rest" of the furniture is the "he" who will have full control of her estate. We think that the language of her will sufficiently shows that she intended that this person should be her husband.

The finding of the court that these words were intended to be merely descriptive of the testatrix is without any support, either from the will itself, or from the evidence offered at the hearing. Aside from being a very unusual mode to be employed by a wife for describing herself—one would have expected her to say "wife of Thomas Stratton" after her signature—the

position of the words is inconsistent with this conclusion of the court.

The testimony of the witnesses to their observation of certain unfriendly treatment of the testatrix by her husband should not have been admitted by the court. Such testimony is incompetent to authorize a conclusion that either of them intended to exclude the other from his estate. None of these witnesses testified to anything more than their own observation; nor did they testify that the testatrix had ever expressed any other than the most wifely feeling toward her husband, and it is not to be assumed that she would disregard her duty as a wife merely because, in the opinion of others, her husband had been unkind to her. Temporary bickerings and passionate utterances between husband and wife are consistent with conjugal affection, and with a devotion of each to the other in preference to all other persons. For the same reason, the court should not have received evidence of the friendly conduct of the respondent toward the testatrix.

A motion was made to dismiss the appeal herein for failure of the transcript to show a service of the notice of appeal upon the administrator of the decedent's estate. At the hearing of this motion proof of such service was made, and the ground for the dismissal was thus obviated.

The motion to dismiss the appeal is denied. The judgment and order are reversed.

GAROUTTE, J., and VAN FLEET, J., concurred.