[Civ. No. 2078.   Second Appellate District.—July 29, 1916.]

IVA L. GARRETT, Plaintiff, Cross-defendant and Appellant, v. WILLIAM EDWARD GARRETT, a Minor, Cross-defendant and Respondent; BANKERS LIFE COMPANY (a Corporation), Defendant and Crosscomplainant.

APPEAL — MOTION TO DISMISS — INSUFFICIENT NOTICE OF MOTION.—A notice of motion to dismiss an appeal on the ground that the appellant had failed to furnish the requisite papers is insufficient where such notice fails to point out and designate the particular papers necessary to the consideration of the appeal which are claimed to have been omitted from the record.

ID.—LIFE INSURANCE LAW—CHANGE OF BENEFICIARY—CONSENT OF INSURER—VOID BY-LAW.—A by-law of a life insurance company providing that a change in the beneficiary named in the certificate of membership "shall not be binding until the consent of the association shall be indorsed on the said certificate of membership" must be disregarded as of no force or effect, where it is inconsistent with and restrictive of the right given by the laws of the state under which said company was created to an insured to change his beneficiary at pleasure.

ID.—FILING OF COPY OF INDORSEMENT CHANGING BENEFICIARY—PRESENTATION OF ORIGINAL—SUFFICIENT COMPLIANCE WITH BY-LAW.— A by-law of a life insurance company providing that a copy of the indorsement on the certificate of membership changing the beneficiary and signed by the member shall be filed with the company is sufficiently complied with where the original was presented to the company.

ID.—CHANGE OF BENEFICIARY—WHEN EFFECTED.—Where the holder of a life insurance certificate has the right to change the beneficiary named therein at his pleasure, and makes indorsement of the change upon his certificate in the manner and form required by a by-law of the company, and forwards the same to the company, which received it the day before his death, the change is effectually made, notwithstanding his death occurs before the change is indorsed by the company upon his certificate.

ID.—STAY OF EXECUTION—RUNNING OF PERIOD OF LIMITATION.—An order staying execution of a judgment made on the day a judgment is rendered runs from that date, and not from the date of the entry of the judgment.

ID.—REVERSAL OF JUDGMENT—RESTORATION OF AMOUNT.—A party obtaining through a judgment before reversal any advantage or benefit must restore the amount he got to the other party after the reversal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

Robert L. Hubbard, for Appellant.

Charles S. Peery, and William Ellis Lady, for Respondent.

SHAW, J.—This is a contest waged between the widow and minor son of Edward E. Garrett, deceased, each claiming certain money due as insurance upon his life, and which money the insurance company had paid into court to abide the result of the litigation.

The respondent William Edward Garrett, pursuant to notice thereof, presents a motion to dismiss the appeal. As grounds therefor the notice specifies the following: First, that the appellant has not perfected said appeal in the manner required by law and the rules of the above-entitled court; second, that appellant has not filed in the above-entitled court, within the time allowed by law or otherwise, or at all, the requisite papers on appeal from the judgment herein, from which said judgment said appellant has attempted to or has taken an appeal; third, that the pretended stipulation contained on page 82 of appellant's transcript was never signed by nor agreed to by the attorneys for cross-defendant and respondent William Edward Garrett, or either of them; fourth, for other and further reasons apparent upon the appellant's transcript of record.

Section 1010 of the Code of Civil Procedure provides that the notice of a motion must state the *grounds* upon which it will be made. Section 954 of the Code of Civil Procedure provides that, ''If the appellant fails to furnish the requisite papers, the appeal *may* be dismissed.'' Respondent in his notice does not pretend to designate or point out what papers requisite to a consideration of the appeal are omitted from the record, and it is impossible to determine from the notice wherein appellant has failed to perfect her appeal, or wherein she has failed to file the requisite papers on appeal, or what further reasons *apparent* upon the record respondent refers to as grounds for the motion. The provision of the section last quoted is similar to that contained in section 556 of the Code of Civil Procedure, which provides that a writ of attach-

ment may be discharged when improperly or irregularly issued. It has been held, however, that a notice to discharge a writ of attachment "because the said writ was improperly issued" is insufficient in failing to specify the particular grounds therefor. Says Judge Field, in discussing the sufficiency of a notice of motion in the case of *Freeborn* v. *Glazer,* 10 Cal. 337: The provision that the attachment may be discharged on the ground that the writ was improperly issued, "does not obviate the necessity of specifying the particular points of irregularity upon which the motion will be made. It is only a provision that whenever the writ is improperly issued, that fact will authorize the application for its discharge. It is like a great variety of provisions indicating the general ground or reason upon which parties may proceed, or the action of the court may be based, and which are never held to obviate the necessity of specifying the points of objection upon which the moving party will rely." To the same effect is *Donnelly* v. *Strueven,* 63 Cal. 182, and *Loucks* v. *Edmondson,* 18 Cal. 203. While these cases involved motions for the discharge of writs of attachment upon the ground that they were improperly and irregularly issued, the principle upon which they were decided is likewise applicable to the provision contained in section 954, to the effect that an appeal may be dismissed if appellant fails to furnish the requisite papers. The notice of motion to dismiss should point out and designate the particular papers claimed by respondent to have been omitted from the record. In our opinion, the notice of the motion is insufficient under section 1010, *supra,* in that it fails to apprise appellant of the grounds of the motion. It is true that the proposed stipulation as to the correctness of the record was not signed by respondent's attorneys; but, as appears from the record, it was certified by the clerk.

Respondent insists that the notice of appeal was not properly served. As appears from the record, respondent's attorney resided in San Francisco and appellant's attorney in Los Angeles. The notice of appeal was served by mail; and while the transcript discloses the filing of the notice with the clerk, it does not show service thereof. An affidavit presented, however, covers this omission by showing proper service by mail. (*Estate of Stratton,* 112 Cal. 513, [44 Pac. 1028]; *Warren* v. *Hopkins,* 110 Cal. 506, [42 Pac. 986].) There is no merit

in respondent's contention that Peery, his attorney, had associated with him W. E. Lady, an attorney in Los Angeles, upon whom the service of the notice of appeal should have been made. Lady, as shown by the record, appeared, not as attorney for respondent, who was represented by Charles S. Peery, but as attorney for the Bankers Life Company, and also in another suit wherein the minor son of deceased was contesting his will. This, however, did not constitute him attorney of record for respondent, and his acts, statements, and conduct, as shown by affidavits filed, were of a character well calculated to raise serious doubt in the mind of appellant as to his position in the case. Under these circumstances, and conceding that he did act with Peery, appellant very properly served the notice of appeal upon the latter, as to whom there was no question of his being attorney of record for respondent. Moreover, conceding Mr. Lady, who resided in Los Angeles, to be also an attorney of record for respondent, we find nothing in section 1012 of the Code of Civil Procedure prohibiting service by mail upon Mr. Peery. The service was equally effective made upon either attorney.

As appears from the findings made and undisputed facts alleged in the pleadings, the Bankers Life Company, a corporation having its principal place of business in Des Moines, Iowa, and created under the laws of that state as a life insurance company, did, in June, 1903, issue to Edward E. Garrett two certificates of membership in said Bankers Life Company, by each of which, upon the death of the assured, it agreed to pay to Emma L. Garrett, the then wife of said Edward E. Garrett and named in said certificates of membership as the beneficiary therein, the sum of two thousand dollars. Some time after the issuance of said certificates of membership, Edward E. Garrett and Emma L. Garrett, his wife, named as beneficiary therein, were divorced. Whereupon the insured, as he concededly had the right to do, changed the beneficiary named in said certificates, substituting for his divorced wife his son, William Edward Garrett, respondent herein. At a later date Edward E. Garrett married Iva L. Garrett, plaintiff herein, and thereafter, on March 10, 1914, he duly executed and indorsed upon each of said certificates of membership the following: "I, Edward E. Garrett, holder of the within certificates Nos. 130461-2, hereby revoke all directions by me heretofore made as to the disposition of the

benefit accruing thereunder, and now direct that said benefit shall be paid to Iva L. Garrett, bearing to me the relation of wife.'' The certificates so indorsed were duly forwarded to the Bankers Life Company at Des Moines, Iowa, and received by said company on March 14, 1914, and on March 16, 1914, there was indorsed upon each of said certificates the following, to wit: ''Consented to and acknowledged March 16, 1914. Bankers Life Company, R. W. B.'' On March 15, 1914, after the receipt by said Bankers Life Company of said certificates of membership, together with the indorsements made thereon by Edward E. Garrett, he died. As found by the court, the law of Iowa touching the right of an assured to change the beneficiary in such certificates is found in section 1789 of the Iowa code, and is as follows: ''The beneficiary named in the certificate may be changed at any time at the pleasure of the assured, as may be provided for in the articles or by-laws, but no certificate issued for the benefit of a wife or children shall be thus changed so as to become payable to the creditors.'' The court also found that by the by-laws of the company it was provided that ''Any member may, with the consent of the association, make a change in the beneficiary in his certificate without requiring the consent of such beneficiary. The change proposed shall be indorsed on the certificate of membership, and signed by the member, and shall not be binding until the consent of the association shall be indorsed on the said certificate of membership; a copy of such indorsement signed by the member, and filed with the association.'' Further findings are, that said Edward E. Garrett did not at any time make or cause to be made a copy of said proposed change of beneficiary, nor file with the Bankers Life Company a copy of said proposed change which was indorsed upon the certificates, and that the approval of such proposed change by said Bankers Life Company was made after the death of said Edward E. Garrett and in ignorance of the death of said Edward E. Garrett; that pursuant to the order of court said Bankers Life Company paid into court the sum of $4,074 for the benefit of the parties entitled thereto. And as a conclusion of law found that said attempted change of beneficiary was not completed and the beneficiary named in said certificates was not changed from said William Edward Garrett to the said Iva L. Gar-.

rett, and that William Edward Garrett was the beneficiary in and entitled to all the proceeds and benefits of the said certificates. Upon these facts the court erroneously, in our opinion, rendered judgment in favor of defendant William Edward Garrett, from which plaintiff appeals.

In the absence of anything to the contrary shown, we must presume that the right of the Bankers Life Company to make by-laws is governed by the laws of Iowa, with which they must not be inconsistent. (Cal. Civ. Code, sec. 301.) The Iowa statute, the existence of which is found by the court, provides that the insured may, not *"with the consent of the association,"* as provided in the by-laws, but *"at his pleasure,"* change the beneficiary named in the certificates. To thus restrict the right and make it subject to the consent of the company, without which such change could not be made, would, in effect, nullify and destroy the statutory provision. As we construe the statute, the provision that a change may be made *"at the pleasure"* of the insured, "as may be provided for in the . . . by-laws," refers to the mode or means adopted by the company for effecting the change, which in this case appears to be by an indorsement upon the certificates expressing the intention of the insured. The rules adopted therefor by the company must be reasonable and not restrictive of the right given by the statute to the holder of the certificates. That part of the by-law providing that a change in the beneficiary named in the certificate, "shall not be binding until the consent of the association shall be indorsed on said certificate," being inconsistent with and restrictive of the right given by the general laws of Iowa, must be disregarded as of no force or effect. Conceding that the provision of the by-laws that "a copy of such indorsement, signed by the member and filed with the association," was not, as found by the court, complied with, nevertheless the original so presented to the association was equally as effective for the purpose to be subserved, which was notice and data for its records, as the copy thereof could have been. Indeed, it appears that the company, on March 16th, in returning the certificates, stated, "copies have been made for our records," thus waiving the requirement, as it might do. (*Marsh* v. *American Legion of Honor,* 149 Mass. 517, [4 L. R. A. 382, 21 N. E. 1070]; *St. Louis Police Relief Assn.* v. *Tierney,* 116

Mo. App. 447, [91 S. W. 968]; *Hall* v. *Allen,* 75 Miss. 175, [65 Am. St. Rep. 601, 22 South. 4].) To construe the provision otherwise would, in our opinion, be giving weight to the shadow rather than to the substance.

Moreover, equity regards that as done which ought to have been done (1 Pomeroy's Equity Jurisprudence, sec. 364), and the insured having the right at his pleasure to change the beneficiary named in the certificates, and having made the indorsement upon the certificates in the manner and form required by the association, and forwarded the same to the company, which, as found, received them on March 14th, the day before his death, he had done all in his power to change the beneficiary, and his death following such change, notice of which was brought home to the company prior to his death, was sufficient to and did constitute an effectual change in the beneficiary named. (*Supreme Conclave Royal Adelphia* v. *Cappella,* 41 Fed. 1; *John Hancock Mut. Life Ins. Co.* v. *White,* 20 R. I. 457, [40 Atl. 5]; *Luhrs* v. *Luhrs,* 123 N. Y. 367, [20 Am. St. Rep. 754, 9 L. R. A. 534, 25 N. E. 388].) In *Heydorf* v. *Conrack,* 7 Kan. App. 202, [52 Pac. 700], it is said: "Where a holder of a certificate in a mutual benefit society desires to change the beneficiary therein, and does all that he is required to do by the by-laws of the society, and then dies before the change is completed, a court of equity will decree the payment of the money the same as if the desired change had been fully completed in the lifetime of the assured." See, also, *Hirschl* v. *Clark,* 81 Iowa, 200, [9 L. R. A. 841, 47 N. W. 78], and *Supreme Lodge* v. *Price,* 27 Cal. App. 607, [150 Pac. 803], to the effect that where the intended change is brought home to the association during the life of the insured, the beneficiary so designated by him is entitled to recover.

In our opinion, the findings clearly show that the insured in his lifetime changed the beneficiary named in the certificates, substituting for William Edward Garrett his wife, Iva L. Garrett, notice of which fact was brought to the notice of the company prior to his death, in a manner which substantially complied with all legal requirements; that his right to change the beneficiary was not subject to and did not depend upon the consent of the company; that if it did so depend, the company must be deemed to have assented thereto upon receipt of the certificates upon which such change was

indorsed and signed by the insured, and the fact that such consent of the company was not indorsed thereon until after his death was, under the circumstances, immaterial.

As stated, the Bankers Life Company paid into court the fund which constituted the subject of the litigation. On December 12, 1915, the court rendered its decision and judgment in the matter, awarding the money involved to William Edward Garrett, and on the same day the court made an order staying execution for a period of ten days. Judgment was entered on December 15, 1915. On December 23, 1915, the following order was made by the court:

"It appearing that the above mentioned sum of $4,074 is now justly due and payable to said William Edward Garrett, I hereby order that it be paid to him by the Treasurer of Los Angeles County, California, and the County Auditor of said county is hereby ordered to allow this demand upon the Treasurer of said county for said sum of $4,074, in favor of said William Edward Garrett in payment thereof, less any moneys paid or due as city and county taxes on said fund. Dated this 23rd day of December, 1915.

"Louis W. Myers, Judge."

Upon this order, made without the knowledge of appellant or her attorney, and other steps duly taken as required in withdrawing money from the county treasury in such cases, the money was paid over to the guardian of said minor. On December 24, 1915, plaintiff and appellant served her notice of appeal herein, followed in due time by the filing of the requisite undertaking. Thereafter, upon the application of the plaintiff to the court, it made an order vacating and setting aside its former order upon the ground that it had been made through inadvertence. No steps, however, were taken by appellant in the trial court to have said fund restored to the county treasury. But she has presented to this court a motion for an order directing the minor, William Edward Garrett, and his guardian, and also Charles S. Peery and W. E. Lady, both individually and as attorneys for William Edward Garrett, to restore and repay into the county treasury of Los Angeles County the sum of $4,074, being the amount of money deposited with the clerk of the superior court by the Bankers Life Company to abide the result of this action and so withdrawn pursuant to the order of court above set out;

and also requiring said parties to show cause why they should not be adjudged guilty of contempt for having applied for said order and, pursuant thereto, withdrawn said money from the treasury of Los Angeles County.

The contention of appellant is that the order staying execution did not begin to run until the entry of judgment on December 15th. This for the reason that prior to such time no execution could have issued. Such, in our opinion, is not the legal effect of the order. As we construe it, the ten-day order staying execution commenced to run from its date, to wit, December 12th, and expired on December 22d. On December 23d, when the order for the withdrawal of the funds and payment thereof to William Edward Garrett was made, no appeal had been taken and the time of the stay of execution had expired; hence the court had authority to make the order upon which the money was withdrawn and applied in payment of an existing judgment as to which at the time no appeal had been perfected. In our opinion, the fact that the court, after the money had been paid over in satisfaction of the judgment, vacated and set aside the order upon which it was paid could not vest this court with jurisdiction to order the restoration of the fund. The rule in such cases, as we understand it, is "that a party obtaining through a judgment before reversal any advantage or benefit must restore the amount he got to the other party after the reversal." (*Reynolds* v. *Harris,* 14 Cal. 680, [76 Am. Dec. 459] ; sec. 957, Code Civ. Proc.; *Bank of United States* v. *Bank of Washington,* 6 Pet. 19, [8 L. Ed. 299]. See, also, *Patterson* v. *Keeney,* 165 Cal. 465, [Ann. Cas. 1914D, 232, 132 Pac. 1043].) But conceding without deciding that the trial court could have ordered the fund restored, no such order was made.

Our conclusion is that the respondent's motion to dismiss the appeal should be denied; that appellant's motion to have the fund restored and to cite the parties to show cause why they should not be adjudged guilty of contempt for applying for the order pursuant to which the fund was paid should likewise be denied; that the judgment appealed from should be reversed and the trial court instructed to enter judgment upon the findings for the plaintiff and cross-defendant Iva L. Garrett; all of which is so ordered.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 28, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 25, 1916.