[Civ. No. 2251.   Second Appellate District, Division Two.—November 4, 1919.]

## IVA L. GARRETT, Appellant, v. EMMA L. JENSEN, Guardian, etc., et al., Respondents.

[1] VENUE—UNNECESSARY PARTY DEFENDANT—WANT OF CAUSE OF ACTION AGAINST—RIGHT OF NONRESIDENT DEFENDANTS TO CHANGE OF VENUE.—Where the only party defendant residing in the county in which an action is brought is not a necessary party defendant, or where the complaint does not state a cause of action against him, the other nonresident parties defendant are entitled to have the place of trial changed to the county of their residence.

[2] JUDGMENTS—COLLECTION BY SUCCESSFUL PARTY—EFFECT OF SUBSEQUENT REVERSAL.—Where the claimant in an interpleader action, after the securing of judgment in his favor and after a stay of execution has expired, but before an appeal is taken, secures pay-

---

1. Change of venue, note, 74 Am. Dec. 241.

ment of the money which has been deposited with the clerk of the court, such payment is legal, and the subsequent reversal of the judgment does not have a retrospective operation so as to void that which was lawful when done.

[3] ID.—MONEY NOT TRUST FUND UNTIL REVERSAL—STATUS OF MONEY RECEIVED BY THIRD PARTY.—In such case the money is not held by the claimant as a trust fund or stamped with the character of a trust until the judgment is reversed by the appellate court, and a third person who receives a part of the money prior to such time does not hold it as a trust fund in favor of the appellant.

[4] ID.—REVERSAL OF JUDGMENT—OBLIGATION TO REPAY—JUSTIFICATION FOR COLLECTION.—On the reversal of an erroneous judgment, but not before, the law raises an obligation on the part of any party to the action who may have received the benefit of the judgment to make restitution to the other party for what the latter has lost. Until the reversal, the party who may have received satisfaction under the erroneous judgment may justify under it and under an execution issued thereon, for the erroneous judgment is the act of the court.

[5] ID.—ACTION TO RECOVER MONEY—RIGHT TO INJUNCTION OR RESTRAINING ORDER.—In a subsequent action brought to recover the money thus paid to the claimant in the interpleader action under the judgment in his favor prior to the reversal of such judgment on appeal, an injunction or restraining order will not be issued against a third party to whom a portion of such money was paid prior to the reversal of the judgment in the absence of an allegation that such third party has threatened to take or receive more of the money. An injunction against the party who received the money under the erroneous judgment is sufficient to protect the plaintiff's rights in the unexpended portion of the money.

APPEAL from an order of the Superior Court of Los Angeles County granting a motion for a change of venue. Chas. Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robert L. Hubbard for Appellant.

Chas. S. Peery, V. J. Cobb and W. E. Lady for Respondents.

FINLAYSON, P. J.—Defendants, other than defendant Lady, moved in the court below to change the place of trial from Los Angeles County to San Francisco. Lady resides in Los Angeles County; the other defendants reside in San Francisco. From an order granting the motion plaintiff appeals.

[1] If the complaint states a cause of action against Lady, the order granting defendants' motion for a change of venue should not have been made. If, on the other hand, Lady was not a necessary party defendant, or if the complaint does not state a cause of action against him, the right of the other defendants to have the place of trial changed to the city and county of their residence is undoubted. (*Sayward* v. *Houghton,* 82 Cal. 628, [23 Pac. 120]; *Donohoe* v. *Wooster,* 163 Cal. 114, [124 Pac. 730]; *Buell* v. *Dodge,* 57 Cal. 645.)

The case alleged in the complaint is substantially as follows: Prior to the commencement of the present action the plaintiff here had brought an action in the superior court of Los Angeles County against an insurance company to recover certain money due on insurance upon the life of Edward E. Garrett. William Edward Garrett, a minor, of whose person and estate the defendant Emma L. Jensen is guardian, appeared in that action by his guardian as a rival claimant of the insurance money. The insurance company appeared in the action, deposited with the clerk of the court the insurance money sued for, $4,074, asked to be discharged from all liability, and, having thus interpleaded the two rival claimants for the money, the company was duly discharged from further liability. On November 12, 1915, the court rendered a judgment in that action whereby it adjudged that the minor was entitled to the insurance money—the $4,074 that had been so deposited in court by the insurance company—and, on the same day made an order staying execution of the judgment for ten days. After the expiration of the ten days' stay, namely, on December 15, 1915, the judgment was entered. On December 24, 1915, the plaintiff in that action, who likewise is the plaintiff in this, served and filed her notice of appeal from the judgment that, on December 15, 1915, had been entered in favor of the minor; and on December 29, 1915, she perfected the appeal by filing the necessary undertaking. The judgment so appealed from was reversed by the district

court of appeal, that court holding that plaintiff, as the
widow of the insured, was entitled to the insurance money.
(See *Garrett* v. *Garrett*, 31 Cal. App. 173, [159 Pac. 1050],
for a report of that case.)   Meanwhile, after the expiration
of the ten days' stay of execution that had been granted by
the trial court at the time when it rendered judgment in favor
of the minor but prior to plaintiff's appeal from that judg-
ment, namely, on December 23, 1915, one of the defendants
herein, Emma L. Jensen, as guardian of the minor's person
and estate, came into possession of $3,975.10, a part of the
$4,074 that had been so deposited by the insurance company
with the clerk of the court.   In securing possession of the
money for her ward, defendant Jensen was assisted by the
minor's attorney of record in that action, Charles S. Peery,
whom plaintiff has made one of the defendants herein, and
likewise by the defendant Lady, who, it seems, had appeared
as attorney for the insurance company in the other action.
The circumstances under which the minor's guardian, with
the assistance of defendants Peery and Lady, came into pos-
session of the money that the insurance company had deposited
in court to be contended for by the two rival claimants thereto
were substantially as follows: The money, after its deposit
with the clerk of the court by the insurance company, was
transferred by the clerk to the county treasurer, with whom
it remained on deposit to abide the final determination of the
rights of the two claimants, the widow and the minor child;
on December 23, 1915, Lady caused a certificate to be made
by the county clerk certifying that, by judgment entered De-
cember 15, 1915, the minor, William Edward Garrett, was
awarded the $4,074.   On the same day Lady made demand
on the county treasurer for the payment of the $4,074 to the
minor, and made oath that the same was justly due to the
minor from the clerk and the treasurer.   On the same day
Lady also requested the judge before whom the cause had
been tried in the superior court to make an order directing
the county auditor to allow, and the county treasurer to pay,
to the minor the $4,074 to which that court had adjudged him
entitled, less any moneys due the county for taxes.   There-
upon the court did make such an order.   Upon the making
of this order Lady caused the auditor to issue his warrant
for, and the treasurer to pay to one or more of the defendants
here, but which one plaintiff is unable to say, the sum of

$3,975.10. The auditor's warrant was made payable to the Humboldt Savings Bank of San Francisco, and was signed by the defendant Emma L. Jensen as guardian of the person and estate of the minor, William Edward Garrett. In his reply brief counsel for appellant admits that, from the record of the transaction as detailed in the complaint, "the money was paid to the guardian." Indeed, the complaint alleges that on February 15, 1916, plaintiff was informed that the money had been drawn from the county treasury, "and was at the time deposited in the account of said Emma L. Jensen in some bank in the city of San Francisco." It is alleged that, since the withdrawal of the money from the county treasury, "defendants have appropriated to their own use and disposed of and dissipated a large part of said money"; also that, unless enjoined by the court, they "will dispose of and dissipate the whole thereof." In her prayer for relief plaintiff asks that she have judgment against each defendant for $4,074, with interest and costs, that defendants be restrained from further disposition of the money, and that they be directed to pay back into the custody of the court so much of the money as may remain unexpended.

To support her contention that the complaint states a cause of action against Lady, or that he is a necessary party defendant, appellant must be able successfully to maintain one, at least, of the three following propositions: (1) That the transaction whereby Lady and the other defendants caused the money to be paid by the county treasurer to the minor's guardian was an unlawful conversion of money to which plaintiff was entitled, and that, therefore, Lady, with the other defendants, is liable in damages by reason of such unlawful conversion; or (2) That, after the money was paid to the guardian and while it was in her hands or on deposit in bank to her credit, it was a trust fund held by her in trust for plaintiff's benefit, and while so held by her as a trust fund it, or some part of it, was received by Lady from the guardian and appropriated to his own use; or (3) That, in order to insure due protection to plaintiff's rights, it is necessary that an injunction or restraining order issue against Lady, restraining him from making any disposition of the money.

We do not think that, on the facts alleged in the complaint, appellant can successfully maintain any one of these positions.

And unless she can successfully maintain at least one of them, it must be held that the complaint does not state a cause of action against Lady, that he is not a necessary party defendant, and that the court properly granted the motion for change of venue to the place of residence of the other defendants.

[2]   If, on December 23, 1915—the day on which all the transactions were had that eventuated in the payment of the money by the county treasurer to the guardian of the minor—the latter was entitled to the possession of the money, then Lady's participation in those transactions was not wrongful or illegal.   A judgment adjudging the minor to be entitled to the money had been entered; the stay of execution upon that judgment had expired (*Garrett* v. *Garrett, supra*); and no appeal from the judgment had as yet been taken.   There is no room, therefore, for the claim that, at the time when the money was received by the guardian, proceedings on the judgment had been suspended by any appeal therefrom, or that, at that time, *supersedeas* might issue to prevent an enforcement of the judgment in favor of the minor.   The order of the court directing the county treasurer to pay the money to the guardian was, under the circumstances, a proper proceeding for the enforcement of the judgment that had been given and made in the minor's favor.   At the time when, on order of the court, the money was paid by the county treasurer to the guardian, there was a legal right in the minor to demand and receive it, or to enforce payment of it by some suitable method for enforcing the judgment that had been given and made in his favor.   Doubtless the reversal of the judgment by the district court of appeal gave plaintiff a right or cause of action against the minor or his guardian.   But that was a newly created right.   It was a right created by the reversal of the judgment of the trial court and the entry of a new judgment—a judgment in favor of plaintiff, the widow of the insured, as directed by the district court of appeal.   The reversal created a legal obligation on the part of the minor or his guardian to restore what the plaintiff here had lost by reason of the erroneous judgment of the trial court in that action.   But the payment of the money to defendant Jensen, as the guardian of the minor, before plaintiff had taken any appeal from the judgment, was legal, and the reversal of that judgment did not have a retrospective operation so as to make void that which was lawful when done.

The new right created by the reversal was, it is true, a right which, when created, was wholly antagonistic to the right that, before the reversal, was a right in the minor to obtain, by enforcement of the judgment in his favor, possession of the money that had been deposited in court. But this newly created antagonistic or inconsistent right did not make void *ab initio* the right created in the minor at the time when the judgment in his favor was given and made. The judgment in favor of the minor, though erroneous, was not void. By its enforcement for that is practically what the order for the payment of the money to the minor amounted to—the minor received the money with a defeasible right thereto. But, until his right thereto was defeated by a subsequent reversal of the judgment, he, or his guardian for him, must be deemed to have received and held the money, clothed with all the attributes of rightful ownership. (*Bank of United States* v. *Bank of Washington,* 6 Pet. 19, [8 L. Ed. 299, see, also, Rose's U. S. Notes].)

If, at the time when the money was paid over to his guardian, the minor was entitled to an enforcement of the judgment that had been made in his favor, and he unquestionably was, then the fact that Lady had been the attorney for the insurance company and was not the attorney of record for the minor cannot lay him under any liability. If, as we hold, the guardian, at the time when the money was paid to her by the county treasurer, had the right to enforce the judgment that had been made in her ward's favor and compel payment to herself as guardian, the means and instrumentalities whereby she accomplished that result do not concern plaintiff.

[3] The complaint alleges that, after the money was received by the guardian, the defendants—and that, of course, includes the defendant Lady—"appropriated" to their own use a large part of the money. Manifestly this can mean no more than that, after the money came into the possession or under the control of the guardian in the manner heretofore detailed, she paid or gave a part of it to Lady and the latter then used it as he saw fit. But that fact would not give plaintiff a cause of action against Lady for the part of the money that thus may have been paid to him by the guardian and then applied by him to his own use, unless, at the time when he received it from the guardian, it was then held

by the latter as a trust fund. While it is true that, as claimed by appellant, equity will enforce a trust against all persons who, with notice of the trust, may come into the possession of the trust property, nevertheless, to entitle appellant to follow the money into the hands of Lady and recover it from him as part of a trust fund held in trust for her, she must first show that when Lady received it from the guardian, the latter then held it as a trust fund in trust for appellant. This the complaint fails to do. It fails to show that, when Lady received any part of the $4,074 from the guardian the latter did not then have the right of disposition. As we have seen, on December 23, 1915, when the money was paid by the county treasurer to the guardian, or to some agent of the guardian, she, as the guardian of the minor in whose favor the judgment of the trial court had been entered, was entitled to an enforcement of the judgment—entitled to have the money paid to her for her ward. And not until the judgment of the district court of appeal reversing the judgment of the trial court became final did any obligation rest upon the guardian to return any part of the $4,074.

[4] On the reversal of an erroneous judgment, but not before, the law raises an obligation on the part of any party to the action who may have received the benefit of the judgment to make restitution to the other party for what the latter has lost. Until the reversal, the party who may have received satisfaction under the erroneous judgment may justify under it and under any execution issued thereon, for the erroneous judgment is the act of the court. (*Bank of United States* v. *Bank of Washington, supra; Garrett* v. *Garrett, supra.*) Until the reversal of the judgment by the district court of appeal the money that had been received by the guardian from the county treasurer was not held by her as a trust fund; until then it was not stamped with the character of a trust.

The complaint does not allege when it was that Lady appropriated a part of the $4,074 to his own use. *Non constat* but that whatever part of the $4,074 he may have received and kept was received by him from the guardian before the judgment of the district court of appeal became final. In fact, if, on this appeal, we may take judicial notice of the record on the appeal in *Garrett* v. *Garrett, supra,* we know that necessarily whatever sum or sums may have been

"appropriated" by Lady as alleged in the complaint herein, i. e., sums received by him from the guardian after the latter had received the money from the county treasurer, must have been so appropriated by Lady before the judgment of the district court of appeal became final, and, therefore, before any part of the money that had been paid over to the guardian could be regarded as money held by her as a trust fund in trust for appellant. This is so because the present action was commenced August 8, 1916, and if we take judicial notice of the judgment of the district court of appeal, we know that that judgment did not become final before September 28, 1916. If it can be maintained that any moneys which may have been paid to Lady by the guardian before the judgment of the district court of appeal in *Garrett* v. *Garrett* should be regarded, at all times after that judgment, as moneys held by him in trust for plaintiff, the answer is that the complaint does not allege facts showing that that judgment had become final prior to the commencement of the present action; and, if we may take judicial notice of the record on appeal in *Garrett* v. *Garrett,* we know that, at the time when this action was commenced, it could not truthfully be alleged that the judgment of reversal had become final prior to the filing of the complaint herein.

[5] Nor is the issuance of an injunction or restraining order against Lady necessary to the protection of any of plaintiff's rights. The transactions that resulted in the payment of the money to the guardian by the county treasurer show that the money, finally, was deposited in a San Francisco savings bank to the credit of the guardian. There is no allegation that all the money is not still so on deposit, save in so far as the continued deposit of the whole sum received by the guardian may be inconsistent with the general allegation that "defendants have appropriated to their own use and disposed of . . . a large part of said money." In other words, the only part of the $4,074 that can possibly be regarded as a trust fund now held in trust by any of the defendants for plaintiff is the amount that still remains in the custody or under the control of the guardian, the defendant Emma L. Jensen. This is so because there is nothing before us to show that the guardian ever parted with any portion of the $4,074 after the judgment of the district court of appeal became final. This being the situation, the issuance of an injunction or re-

straining order against the guardian would suffice to protect plaintiff's rights in the unexpended portion of the total sum that was received by her from the county treasurer. There is no apparent necessity for the issuance of a restraining order against Lady, who is not even alleged to have threatened to take or receive from the guardian any money since the judgment of the district court of appeal became final.

For these reasons we do not think the complaint alleges any cause of action against Lady or shows him to be an interested party defendant, and that, therefore, the remaining defendants were entitled to have the place of trial changed to the city and county of their residence.

Order affirmed.

Sloane, J., and Thomas, J., concurred.