[Civ. No. 3623.   Fourth Dist.   July 15, 1946.]

JAMES M. NELSON, III, Petitioner, v. THE SUPERIOR
COURT OF RIVERSIDE COUNTY, Respondent.

Adams & Duque and A. Andrew Hauk for Petitioner.

Earl Redwine, County Counsel, Frank P. Doherty, William
R. Gallagher, Frank W. Doherty and James A. Doherty for
Respondent.

BARNARD, P. J.—This is an application for a writ of
prohibition restraining the respondent court, its officers and
agents, from taking further steps in a divorce action until
such time as jurisdiction over the person of the petitioner is
obtained.

The action in question was brought on May 9, 1946, in
Riverside County.   Among other things, the complaint al-

leged that this petitioner was then outside of the State of California; that he intended to and would continue to so remain for the purpose of defeating and evading the orders and process of the court; that he had separate property within this state consisting of a half interest in certain United States bonds with a maturity value of $35,000; that his interest therein was the sum of $17,500; that he had previously filed an action for divorce in St. Louis, Missouri, containing numerous false allegations with respect to the plaintiff; that he had also filed two actions against the plaintiff in the federal court at Los Angeles, one upon an unfounded cause of action and the other seeking to deprive the plaintiff of any interest in the bonds above referred to; that these actions were filed in an attempt to wrongfully deprive the plaintiff of her property rights; and that the appointment of a receiver to take possession of said bonds was necessary in order to protect the plaintiff's interest therein, and in order to provide security for any orders for support and maintenance, attorney's fees and costs that might be made.

On the same day, May 9, the respondent court made an ex parte order appointing a receiver and directing him to take possession of these bonds. This the receiver did on May 13. On May 14, the respondent court issued an order directing this petitioner to appear on May 27, and show cause why the order appointing a receiver should not be confirmed; why a permanent receiver should not be appointed to take possession of and safely keep all community property of the parties and all separate property of this petitioner; why this petitioner should not be required to pay $10,000 as an allowance on account of attorney's fees and $2,000 for costs; and why any allowance of attorney's fees and costs should not be paid out of the proceeds of the bonds then in the hands of the receiver. It was further ordered that service be made by delivering a copy of the order, together with a copy of the complaint and summons, to the law firm of Adams & Duque, which was representing this petitioner in the two actions in the federal court, and by mailing similar copies to him in care of said law firm, and also in care of another law firm in St. Louis which was representing him in the divorce action there pending.

On May 22, 1946, Adams & Duque filed a special appearance objecting to the jurisdiction of the court over the person of this petitioner, with notice of a motion to vacate and

374

quash service of the summons and complaint and the order to show cause. The matter came on for hearing on May 27, 1946, and these attorneys moved to vacate and quash the order appointing a receiver and the order to show cause, on the ground that the court was without jurisdiction over the person of this petitioner. An affidavit in support of the motion was filed. The court reserved its ruling on the motion thus made and, after the attorneys for this petitioner had withdrawn, proceeded to a hearing on the order to show cause. An order was then entered allowing $10,000 attorney's fees and $2,000 costs, and ordering the receiver to pay these amounts out of the proceeds of the bonds then in his hands. Shortly thereafter this proceeding was commenced and an alternative writ was issued. An answer was filed and after a hearing the matter was submitted.

While an allowance of $12,000 out of property worth $17,500 being held by a receiver seems unconscionable, and a perversion of the end and purpose for which the appointment of a receiver is authorized and justified, that phase of the matter is not subject to review in this proceeding.

██ While the appearance thus made was denominated a special appearance, and although it was repeatedly stated that appearance was made solely for the purpose of attacking the jurisdiction of the court, the respondent contends that the matter presented by the affidavit filed and the argument made went beyond this issue, that it went to the merits and that it constituted a general appearance. We think this contention must be sustained. It is well settled that where a defendant wishes to rely upon such a jurisdictional point he must especially appear for that purpose only, and he must strictly refrain from raising or presenting other issues or arguing the merits of the action. (*Olcese* v. *Justice's Court,* 156 Cal. 82 [103 P. 317]; *Raps* v. *Raps,* 20 Cal.2d 382 [125 P.2d 826]; *MacPherson* v. *Superior Court,* 22 Cal.App.2d 425 [71 P.2d 91].)

██ In the affidavit filed and at the hearing the attorneys for this petitioner contended that the divorce action in St. Louis had been commenced in good faith and not for the purpose of defrauding the plaintiff in the Riverside action out of any of her rights; that the federal court actions were initiated in good faith for the purpose of determining the rights of the parties and without any intent or purpose of sequestering or concealing the property, or fraudulently

depriving the wife of her rights therein; that the absence of this petitioner from the State of California was for good and proper purposes and not for any purpose of defeating or evading the orders and process of the court; that it was not for the purpose of fraudulently depriving the wife of any of her rights; that the plaintiff in the Riverside action is not in indigent circumstances, that she has plenty of property and that she can pay for her own attorneys; and that the equities are in favor of this petitioner since no harm would be done if the orders should be dissolved and the federal court permitted to determine the ownership of the bonds and since, if the matter is left to the federal court, the bonds will be preserved and kept safe. While some of these matters were somewhat incidental to the jurisdictional question it seems clear that the matter was presented in a manner which went beyond that issue, and involved what should be done by the court. This must be held sufficient to constitute a general appearance.

The petition is denied and the alternative writ is discharged.

Marks, J., concurred.