[Civ. No. 18988.   Second Dist., Div. Two.   Oct. 14, 1952.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Respondent, v. JOHN HARRAH, Appellant.

Hiram E. Casey and Guy Richards Crump for Appellant.

Samuel B. Stewart, Jr., Hugo A. Steinmeyer and John E. Walter for Respondent.

FOX, J.—On January 28, 1946, plaintiff filed this action based on two judgments.  On June 27, 1950, the defendant, "appearing specially for the purpose of making this

motion,'' filed his notice of motion to dismiss on the grounds of laches in failing to have summons and complaint served within a reasonable time after the filing of the action and issuance of summons; and upon the further ground that the action had been pending more than three years, that it had been more than three years since the summons had been issued, and that it had not been served upon the defendant. The motion was supported by two affidavits of defendant. In one of his affidavits defendant states he lived in Los Angeles County from January 28, 1946, to June 10, 1946, at which time he moved to Nevada; that during this period plaintiff could have served him with summons and complaint; and that the failure of plaintiff to serve such papers upon him ''constitutes laches upon the part of said plaintiff and has resulted in great and serious detriment to your said defendant, inasmuch as it has prevented your said defendant, among other things, from regularly conducting his affairs and attending to his practice of law as a profession, in the State of California and otherwise.'' Plaintiff filed counteraffidavits which set forth the efforts made to locate and serve defendant.

The motion to dismiss was denied, the minute order reciting the defendant was appearing specially for that motion only. Thereafter plaintiff filed its notice of motion to enter the default of defendant upon the ground defendant had by his motion to dismiss made a general appearance and since making such appearance had not answered in the time allowed by law. The court held defendant had made a general appearance and since he had not answered in the required time his default was ordered entered and judgment for plaintiff followed.

The only question on this appeal is whether defendant's notice of motion to dismiss and motion based thereon constituted a general or a special appearance.

From defendant's notice of motion it is apparent his motion to dismiss was based on section 581a, Code of Civil Procedure. This section in brief provides for mandatory dismissal of an action if the summons is not served and returned within three years after the filing of the action, except no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the state or while he has secreted himself within the state to prevent service of the summons.

It is clear from the grounds of defendant's motion and his supporting affidavits that he was not objecting solely to the jurisdiction of the court, but that he was appealing to the equity and discretion of the court. He was asking for affirmative action to terminate the litigation which could only be given to a party on the basis that the court had jurisdiction of his person. (*Lacey* v. *Bertone,* 33 Cal.2d 649, 652 [203 P.2d 755]; *Milstein* v. *Ogden,* 84 Cal.2d 229, 232 [190 P.2d 312]; 3 Am.Jur. 793, par. 19.) He was seeking relief outside of the mandatory provisions of section 581a, Code of Civil Procedure.

In such circumstances the rule is that "if a defendant by his appearance insists only upon the objection that he is not in court for want of jurisdiction over his person and confines his appearance for that purpose only, then he has made a special appearance, but if he raises any other question, or asks any relief which can only be granted upon the hypothesis that the court had jurisdiction of his person, then he had made a general appearance." (*Judson* v. *Superior Court,* 21 Cal.2d 11, 13 [129 P.2d 361].) Applying this rule to the situation here presented it is obvious the defendant's motion to dismiss constituted a general appearance. (*Judson* v. *Superior Court, supra; In re Clarke,* 125 Cal. 388, 392 [58 P. 22]; *Olcese* v. *Justice's Court,* 156 Cal. 82, 87 [103 P. 317]; *Lacey* v. *Bertone, supra,* 652; *Milstein* v. *Ogden, supra,* 233.)

It should be noted that defendant's designation of his notice of motion as a special appearance is not controlling. Whether an appearance is general or special is determined by the character of the relief sought. (*Judson* v. *Superior Court, supra; In re Clarke, supra.*)

Defendant argues that in denying his motion to dismiss, the court held he appeared specially for the motion only. In support of this argument he points to the recital in the minute order. The language of the minute order clearly indicates it was intended only as a description of the motion then before the court. Furthermore, there was no question before the court at that time as to whether defendant's motion to dismiss constituted a general or special appearance. Consequently the recital in the minutes was not an adjudication of the character of his motion.

Defendant relies upon *Brock* v. *Fouchy,* 76 Cal.App. 2d 363 [172 P.2d 945]; *Frohman* v. *Bonelli,* 91 Cal.App.2d 285 [204 P.2d 890]; and *Pease* v. *City of San Diego,* 93 Cal. App.2d 706 [209 P.2d 843]. These cases, however, are not

here applicable since they do not involve the exceptions contained in section 581a, Code of Civil Procedure, viz., absence from the state or the defendant's secreting himself within the state to prevent service of summons. In those cases no relief which might involve the court's discretionary action was sought by the motions. In each of them dismissal was mandatory. Furthermore, the motions of the respective defendants were truly special appearances since their office was expressly declared to be to effect a dismissal solely by virtue of the mandatory provisions of section 581a, Code of Civil Procedure.

The judgment is affirmed.

Moore, P. J., concurred.

Mr. Justice McComb, deeming himself disqualified, does not participate herein.

Appellant's petition for a hearing by the Supreme Court was denied December 11, 1952. Schauer, J., was of the opinion that the petition should be granted.