[Civ. No. 20010.   Second Dist., Div. One.   July 13, 1954.]

PETER L. HERNANDEZ, Appellant, v. NATIONAL DAIRY PRODUCTS COMPANY, INC. (a Corporation) et al., Defendants; CHESTNUT FARMS-CHEVY CHASE DAIRY COMPANY (a Corporation), Respondent.

David Schwartz and Merton L. Schwartz for Appellant.

F. J. Finucane, Gibson, Dunn & Crutcher and Norman S. Sterry for Respondent.

MOSK, J. pro tem.*—While driving his automobile in the city of Frederick, Maryland, on July 9, 1952, appellant Peter L. Hernandez, a resident of Los Angeles, sustained personal injuries as a result of a collision between the vehicle he was operating and a large milk truck and trailer purportedly owned and operated by the respondent, Chestnut Farms-Chevy Chase Dairy Company.

The appellant instituted this action in the Superior Court of Los Angeles County, on February 3, 1953. Service of process was made upon National Dairy Products Company, Inc., a Maryland corporation and codefendant, by serving a designated agent in the State of California.

Thereafter, on March 13, 1953, though not having been served, respondent Chestnut Farms-Chevy Chase Dairy Company through counsel filed a pleading entitled "special appearance and notice of motion to dismiss action against defendant Chestnut Farms-Chevy Chase Dairy Co." The notice of motion prayed that the specially appearing defendant "be relieved as party defendant in the above entitled case and that the action be dismissed as to defendant Chestnut Farms-

---

*Assigned by Chairman of Judicial Council.

Chevy Chase Dairy Company for the reason that Chestnut Farms-Chevy Chase Dairy Company is not and has not been a corporation licensed to do business in the State of California, has not been served with summons in the above entitled action within the State of California.'' In support of its motion the respondent submitted the affidavit of its counsel, F. J. Finucane, which stated that the specially appearing defendant is a corporation organized and existing under the laws of the State of Delaware, is not qualified to do business in the State of California, has not been served with summons in the action and further that ''the cause of action therein sued on as appears more fully in plaintiff's complaint on file herein, did not occur within the State of California and that the above entitled court is without jurisdiction to proceed therein.''

This motion was argued on March 19, 1953, at the same time as a demurrer of the defendant National Dairy Products Company, Inc., was heard. The demurrer was sustained with leave to amend and the respondent's motion was denied.

Subsequently an amended complaint was filed and served on counsel for the respondent. Thereupon the respondent on April 6, 1953, again filed its ''special appearance and notice of motion to quash service and dismiss action against Chestnut Farms-Chevy Chase Dairy Co.,'' on identical grounds previously stated. This motion was argued on April 13, 1953, at which time the court took the matter under submission and thereafter, according to the minutes of the court, the motion to quash attempted service of the amended complaint was granted.

From that order the appellant has appealed, maintaining that the respondent, despite its avowed determination to appear specially only, has actually made a general appearance.

It is clear that the character of the relief asked, and not the intention of the party that it shall constitute a special appearance, is material and controlling. (*In re Clarke,* 125 Cal. 388, 392 [58 P. 22].) As stated in *Olcese* v. *Justice's Court,* 156 Cal. 82, at page 87 [103 P. 317]: ''So it is well settled that if a defendant, under such circumstances, raises any other question, or asks for any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, his appearance is general, though termed special, and he thereby submits to the jurisdiction of the court as completely as if he had been regularly served with summons.'' Therefore, although the motion here was characterized as

a special appearance, we must look behind the label and examine the contents for their actual nature and effect.

A notice of motion must state the grounds upon which the motion is to be made. (Code Civ. Proc., § 1010.) ▮ Unless leave of court is obtained, the motion may not be made upon any grounds other than those enumerated in the notice of motion. If new matter were permitted in the actual motion, a notice of motion would be reduced to little purpose other than to advise the time and place of hearing ▮ Actually, however, it must also sufficiently define the issues for the information and attention of the adverse party and the court. (*Doehla* v. *Phillips*, 151 Cal. 488, 496 [91 P. 330].)

▮ In *Westphal* v. *Westphal*, 61 Cal.App.2d 544, 550 [143 P.2d 405], the court said: "The grounds of the motion must be stated in the notice (sec. 1010, Code Civ. Proc.) and the court can only consider the grounds so stated. . . ." To the same effect are *W. H. Marston Co.* v. *Kochritz*, 80 Cal. App. 352, 359 [251 P. 959]; *Garrett* v. *Garrett*, 31 Cal.App. 173 [159 P. 1050]; *Mojave etc. R. R. Co.* v. *Cuddeback*, 28 Cal.App. 439, 442 [152 P. 943].

In the instant case, therefore, the court was limited to a consideration of the ground or grounds enumerated in respondent's notice. ▮ Those were ". . . for the reason that Chestnut Farms-Chevy Chase Dairy Co. is not and has not been a corporation licensed to do business in the State of California, has not been served with summons in the above entitled action within the State of California." Nothing in that statement of grounds for the motion can be construed as invoking the jurisdiction of the court, nor does it purport to raise any issue other than jurisdiction over the corporate entity. This is consistent with a special appearance.

▮ It is true that the affidavit filed by respondent's counsel attempted to raise an issue relating to the jurisdiction of the court over the entire cause of action. When counsel, as an affiant, maintained that the "cause of action therein sued on as appears more fully in plaintiff's complaint on file herein, did not occur within the State of California and that the above entitled court is without jurisdiction to proceed therein," he was going clearly beyond a mere challenge to jurisdiction over the person. He was then invading the area of subject matter. In addition, his position expressed in the affidavit was untenable, for it is elementary that an action in tort being transitory may be maintained in any state where the defendant is found. (*Schultz* v. *Union Pacific R. R.*

*Co.*, 118 Cal.App.2d 169, 178 [257 P.2d 1003]; *Loranger* v. *Nadeau*, 215 Cal. 362, 366 [10 P.2d 63, 84 A.L.R. 1264].)

But regardless of the merits of counsel's affidavit, the grounds set forth in a notice of motion may not be enlarged by supporting affidavits or by oral argument. Since the record discloses nothing to the contrary, we must assume the learned trial judge, being aware of this rule, ignored the irrelevant material in the supporting affidavit and limited his consideration to the grounds urged in the notice of motion.

Appellant relies upon *Bank of America* v. *Harrah*, 113 Cal.App.2d 639 [248 P.2d 814], and *Nelson* v. *Superior Court*, 75 Cal.App.2d 372 [171 P.2d 52]. In the former case, the motion was based on section 581a of the Code of Civil Procedure, and, as the court said, (p. 641) was "appealing to the equity and discretion of the court." In *Nelson* there was a motion not only to quash service, but to vacate an order appointing a receiver. It must be conceded, however, that some language in the opinion suggests the affidavit and oral argument, having gone to the merits, elevated the motion to quash to a general appearance. While the precise point was not discussed, we cannot agree that a mere affidavit or argument in support of a motion may expand the nature and grounds of the motion itself.

Appellant contends that a motion to dismiss a pending action can be made only by submitting to the jurisdiction of the court. ■ While it is preferable procedurally for one appearing specially for the purpose of challenging the court's jurisdiction over his person to do so by motion to quash service rather than by motion to dismiss, there are no cases holding the latter method *per se* constitutes submission to jurisdiction. To the contrary, in *Frohman* v. *Bonelli*, 91 Cal.App.2d 285, 291 [204 P.2d 890], a motion to dismiss was held to be a special appearance only.

Cases primarily relied upon by appellant involved questions of jurisdiction over subject matter. *Roberts* v. *Superior Court*, 30 Cal.App. 714, states at page 720 [159 P. 465]: "The motion to dismiss the complaint on the ground that the court was without jurisdiction *of the subject matter* of the action amounted substantially or in legal effect, to a demurrer to the complaint on that ground." The same rule is recited in *Morte* v. *Justice's Court*, 139 Cal.App. 605, 607 [34 P.2d 748]; *Taylor* v. *Superior Court*, 93 Cal.App. 445, 447 [269 P. 727]; and *Molfino* v. *Pippo*, 122 Cal.App 437

[10 P.2d 78]. In *Olcese,* also quoted several times by appellant, the court pointed out (p. 88) : "In the present case the defendant made his motion to quash the service of summons. In this, his appearance was undoubtedly special, as he limited it solely to a request for this specific relief. . . . But here he went further and demurred to the jurisdiction of the court *over the subject-matter* of the action, a request for relief which the court could not grant him, saving upon the theory that he was regularly before the court." (Italics ours.)

*Proctor & Schwartz* v. *Superior Court,* 99 Cal.App.2d 376 [221 P.2d 972], is a case more directly in point, the court there holding that an objection to jurisdiction over the person, even though phrased in the language of a demurrer, is only a special appearance. "The test is," said the court at page 377, "Did the party appear and object only to the consideration of the case or any procedure in it because the court had not acquired jurisdiction of the person of the defendant or party?"

Applying that test here, we find nothing in the motion as noticed that raises any contention other than lack of jurisdiction over the defendant corporation. This was, therefore, but a special appearance.

The order is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 8, 1954.