325 So.2d 407 (1976)
Elizabeth Graves COYNE, Appellant,
v.
William COYNE, Appellee.
No. 75-1022.
District Court of Appeal of Florida, Third District.
January 13, 1976.
Rehearing Denied February 11, 1976.
Adams, George, Wood, Lee & Schulte and David L. Willing, Miami, for appellant.
Blitstein & Molans, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
The basic question in this cause is whether the appellant-wife made a general appearance or a special appearance in a California divorce proceeding. The wife filed an appearance which alleged that the California court lacked jurisdiction over the subject matter. No contest was made over jurisdiction of her person. Ordinarily, the matter would be determined by California law, but no foreign law was pleaded in the trial court. See: Hieber v. Hieber, Fla.App. 1963, 151 So.2d 646; Cordrey v. Cordrey, Fla.App. 1968, 206 So.2d 234; Movielab, Inc. v. Davis, Fla.App. 1969, 217 So.2d 890; § 92.031, Fla. Stat.
Therefore, we are left to a situation where, no law to the contrary being shown as to the foreign forum, the matter is to be determined by the law of this forum. Kingston v. Quimby, Fla. 1955, 80 So.2d 455; Miller v. Shulman, Fla.App. 1960, 122 So.2d 589; Hieber v. Hieber, supra; Cordrey v. Cordrey, supra. And, pursuant to the following Florida authorities, we hold that counsel's appearance for the appellant in California constituted a general appearance. Green v. Hood, Fla. App. 1960, 120 So.2d 223; St. Anne Airways, Inc. v. Webb, Fla.App. 1962, 142 So.2d 142. Further, it appears that the actions of the appellant, through her counsel, in California constituted a general appearance under the reasoning of the following California authorities: Farmers & Merchants National Bank of Los Angeles v. Superior Court of Los Angeles County, 25 Cal.2d 842, 155 P.2d 823; Wilson v. Barry, 102 Cal. App.2d 778, 228 P.2d 331; Bank of America Nat. Trust & Savings Ass'n v. Harrah, 113 Cal. App.2d 639, 248 P.2d 814; Smith v. Smith, 120 Cal. App.2d 474, 261 P.2d 567.
Therefore, for the reasons above stated, the final order under review be and the same is hereby affirmed.
Affirmed.