Filed 4/15/15  London v. Glasser CA2/5

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| EDYTHE LONDON, | B257657 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BS148021) |
| v. | |
| CAROL GLASSER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Carol Boas Goodson, Judge.  Affirmed in part, reversed in part.

Troutman Sanders LLP, Wendy Sugg, and Abraham R. Wagner for Plaintiff and Respondent.

Colleen Flynn and Kyle Todd for Defendant and Appellant.

INTRODUCTION

Carol Glasser (Glasser) appeals from the trial court's denial of her motion under Code of Civil Procedure section 425.16 (commonly referred to as an anti-SLAPP motion)[1] to strike the petition filed pursuant to section 527.6 by Edythe London, M.D. (London) who sought to enjoin Glasser and others from engaging in conduct which she contended constituted unlawful harassment.

After London's request for a temporary restraining order was denied and the matter was set for hearing on a permanent injunction, London's counsel notified Glasser's counsel that London would be dismissing her petition. Without awaiting confirmation of entry of the dismissal, Glasser's counsel filed a motion "in the alternative." The first alternative was a motion under section 425.16 to strike the petition; in the event London did dismiss the petition, Glasser then would move to recover her court costs and attorney fees under section 527.6, subdivision (r).

We affirm the trial court's denial of Glasser's anti-SLAPP motion, finding that by its terms the motion was conditional, viz., that it was to be withdrawn in the event London dismissed her petition, which condition did occur. We reverse the award of attorney fees to London as the court's ruling was not documented as required by section 128.5 (which is incorporated by reference into section 425.16, subd. (c)).

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

The term "anti-SLAPP" refers to a motion made pursuant to section 425.16 to strike a "Strategic Lawsuit Against Public Participation." The motion thus challenges litigation which the moving party contends is filed to quash or inhibit movant's First Amendment rights.

FACTUAL AND PROCEDURAL BACKGROUND[2]

The underlying controversy involves what Glasser describes as a protest in which she and approximately eight other individuals were engaged near the residence of London, a professor and researcher at the University of California, Los Angeles (UCLA). Glasser and others had protested for a period of time in the area adjacent to London's residence, expressing their displeasure with the research London conducted in a laboratory at UCLA on addiction in which primates were administered varying doses of nicotine to study its impact on them as a means to aid in understanding the effects of nicotine on humans.

London had also received threats of violence from persons unknown, a prior residence had been vandalized by persons unknown, and more recently, additional threats of violence had been directed at her and at members of her family. As a consequence, UCLA provided armed guards at her residence; however, they did not accompany her when she was away from the residence, including when she walked her dogs or ran in the neighborhood.

On April 1, 2014, London was returning home at approximately 6:30 a.m. from a run with her husband; each was guiding a dog on a leash. At the corner of the street leading to their residence, they encountered Glasser and two others who were standing on the sidewalk, blocking access by London and her husband to their residence. London's "husband, with one (larger) dog with him, forced his way through. . . . I was surprised by the appearance of these people and I felt frozen in place as they stood in front of me holding large signs and blocking the sidewalk and taunting me. I felt that they were preventing me from passing and returning to my home. They then moved toward me in a

---

[2]    The facts relating to the encounter on April 1, 2014 are taken from London's declaration filed with her request for civil harassment restraining order. There is no other evidence of what occurred on the street that day. Although London testified at the hearing on her ex parte application for temporary restraining order, no reporter was present. Nor did appellant Glasser seek to have a settled statement prepared. Facts relating to procedural and other issues are taken from the appendix provided by Glasser. We also include certain factual claims contained in the parties' briefs which give context to the issues presented.

3

threatening, intimidating and aggressive manner—with respondent Glasser was [*sic*] taking the lead in harassing myself and my dog, and further blocking my way home. [¶] I felt surrounded and threatened, and sensing my fear, my dog tried to jump while I attempted to restrain him, first pulling me down and then slamming me into a parked truck, causing injury to my left hand."[3]

The minute order for the April 16, 2014 hearing  on London's request for a temporary restraining order (TRO) indicates that London was the only witness to testify and that the court denied the TRO, setting the matter for a hearing on a permanent injunction preventing harassment at a later date.

## CONTENTIONS

Glasser contends the trial court erred in dismissing her motion under section 425.16, claiming that it should have been granted; she should have been awarded her attorneys fees; and the order that she and her counsel pay sanctions to London was an abuse of discretion and erroneous for lack of proper written findings.

## ANALYSIS

We begin with an enigma created by the plain language of Glasser's April 18, 2014 motion.  Glasser contends the trial court erred in denying her anti-SLAPP motion, but on its face the motion was predicated upon London not dismissing the underlying litigation.  In the event the dismissal were entered, then Glasser moved for court costs and attorney fees under section 527.6, subdivision (r).  As the underlying litigation was dismissed four days after the "alternative" motions were filed, the only motion properly heard was for costs and fees.

---

[3]     Glasser recites facts in her opening brief that differ in some respects from those in London's declaration; the only material difference is whether Glasser and others actually blocked London's progress to her home on April 1, 2014.  While it was Glasser's obligation as appellant to provide an accurate record, her failure to provide a settled statement (which would include a potentially more complete factual record), is not material to the decision on this appeal for reasons we discuss in the body of this opinion.

The alternative nature of Glasser's motion is apparent from both the title she gives it and from the text of the motion itself. The title of her motion is: "Notice of Motion and Special Motion to Strike . . . , or, Alternatively, for Attorney's Fees and Costs Pursuant to Civil Procedure Code 527.6(r). . . ." While the title of the document is not determinative, the text of the motion itself is: "This motion is made pursuant to [the anti-SLAPP statute] . . . . This motion is made, *in the alternative*, under [] section 527.6(r) on the grounds that Defendants will be prevailing *parties if, prior to the hearing on this motion, Plaintiff dismisses her petition . . . .*" (Emphasis added.) The accompanying memorandum of points and authorities confirms the conditional nature of the anti-SLAPP motion. Thus, in section V of the memorandum, the moving party writes: "*Alternatively, should Plaintiff voluntarily dismiss her suit prior to the hearing on a permanent injunction . . . ,* the Court should award Defendants prevailing party fees under the civil harassment statute." (Emphasis added.) Glasser then cites section 527.6, subdivision (r) which provides for such fees to a party prevailing in a civil harassment action, noting that this includes a prevailing defendant.

That the anti-SLAPP "prong" of Glasser's motion became moot when London dismissed the underlying litigation on April 22, 2014, and that this was Glasser's intent is confirmed by reference to applicable statutory and case authority. As explained in *Hernandez v. National Dairy Products Co.* (1954) 126 Cal.App.2d 490, 493: "A notice of motion must state the grounds upon which the motion is to be made. (Code Civ. Proc., § 1010.) Unless leave of court is obtained, the motion may not be made upon any grounds other than those enumerated in the notice of motion. If a new matter were permitted in the actual motion, a notice of motion would be reduced to little purpose other than to advise the time and place of hearing. Actually, however, it must also sufficiently define the issues for the information and attention of the adverse party and the court. (*Doehla v. Phillips* [1907]151 Cal. 488, 496 [91 P. 330].) [¶] "In *Westphal v. Westphal* [1943] 61 Cal.App.2d 544, 550 [143 P.2d 405], the court stated: 'The grounds of the motion must be stated in the notice ([§] 1010, Code Civ. Proc.) and the court can only consider the grounds so stated. . . .' To the same effect are *W. H. Marston Co. v.*

5

*Kochritz* [1926] 80 Cal.App. 352, 359 [251 P. 959]; *Garrett v. Garrett* [1916] 31 Cal.App. 173 [159 P. 1050]; *Mojave Etc. R. R. Co. v. Cuddeback* [1915] 28 Cal.App. 439, 442 [152 P. 943]." (*Id.* at p. 493.)

More recent cases confirm that the text of the motion itself limits the bases upon which the subsequent hearing is to be conducted, referring to this as a fundamental constraint on the scope of the motion: "A basic principle of motion practice is that the moving party must specify for the court and the opposing party the grounds upon which that party seeks relief. Code of Civil Procedure section 1010 requires that a notice of motion must state 'the grounds upon which it will be made.' California Rules of Court, rule 311 [now rule 3.110] requires a notice of motion to state in its opening paragraph 'the nature of the order being sought and the grounds for issuance of the order.' As a general rule, the trial court may consider only the grounds stated in the notice of motion. (*Gonzales v. Superior Court* (1987) 189 Cal.App.3d 1542, 1545 [235 Cal.Rptr. 106]; *Silva v. Holland* (1888) 74 Cal. 530, 531 [16 P. 385].) An omission in the notice may be overlooked if the supporting papers make clear the grounds for the relief sought. (*Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 807-808 [210 Cal.Rptr. 599]; *366-386 Geary St., L.P. v. Superior Court* (1990) 219 Cal.App.3d 1186, 1200 [268 Cal.Rptr. 678].) The purpose of these requirements is to cause the moving party to 'sufficiently define the issues for the information and attention of the adverse party and the court.' (*Hernandez v. National Dairy Products* (1954) 126 Cal.App.2d 490, 493 [272 P.2d 799].)" (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1125.)

In this case, the anti-SLAPP motion was mooted—by the very terms of the motion filed by the moving party—by London's dismissal of the underlying action. London's memorandum of points and authorities confirms she was seeking relief in the alternative. In addition to the foregoing authorities, one may consider the analogy of the unilateral contract. Here, Glasser made an offer not to proceed with the anti-SLAPP motion if London filed a dismissal of the underlying action, which offer was accepted by the act of London's filing the dismissal. There was an offer, and an acceptance, and thus a contract was formed not to proceed on the motion.

And, even though Glasser's counsel had told London's counsel that she wanted the dismissal to be "with prejudice," no such condition was included in the motion which Glasser's counsel filed. Thus, London "fully performed" when she dismissed the action without prejudice.

That the trial court did not appreciate the significance of the conditional nature of the anti-SLAPP motion when it denied it does not compel reversal of that ruling. As our Supreme Court stated in *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, in noting the trial court there had applied the wrong legal standard in analyzing a summary judgment motion: "This, however, does not compel reversal of the judgment. 'The fact that the action of the court may have been based upon an erroneous theory of the case, or upon an improper or unsound course of reasoning, cannot determine the question of its propriety. No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' (*Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117].)" (*D'Amico v. Board of Medical Examiners, supra,* 11 Cal.3d at pp. 18-19.)

The decision of the trial court denying the anti-SLAPP motion is affirmed. As a consequence, the remainder of Glasser's contentions regarding the potential merit of the anti-SLAPP motion are mooted by her own actions and need not need be considered. [4]

---

[4] Because neither the parties nor the trial judge recognized the conditional nature of the anti-SLAPP motion, we asked the parties to address this issue and its consequences in letter briefs. We have reviewed those briefs and discussed the consequences of the conditional nature of the anti-SLAPP motion with the parties at oral argument. As we explain in the body of this opinion, the motion on its "merits" was made conditionally. Even with that ruling, whether either party was entitled to attorneys fees and costs as provided by section 425.16(c)(1) remains to be determined.

7

*Whether the sanctions order was an abuse of discretion*

Glasser contends that the order awarding $3,500 to London as sanctions (attorney fees incurred in connection with opposition to the anti-SLAPP motion) constituted an abuse of discretion because Glasser's actions did not meet the statutory requirements and because the trial court refused to issue "a statement of decision" supporting the sanctions order made.

A prevailing opponent of an anti-SLAPP motion must establish that the motion to strike is "frivolous or is solely intended to cause unnecessary delay" as a predicate to any award of attorney fees and costs. (§ 425.16, subd. (c)(1); see *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131.) The procedures and standards of section 128.5 are used to guide implementation of this provision notwithstanding that section 128.5 otherwise has been inoperative since 1995. (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199.)

The parties agree that the trial court had jurisdiction to hear the anti-SLAPP motion for the limited purpose of determining whether to award attorney fees. (See, e.g., *Moraga-Orinda Fire Protection Dist. v. Weir* (2004) 115 Cal.App.4th 477, 480; *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211.)

Glasser contests the amount of the award of sanctions and inclusion in it of one of her counsel. These issues are reviewed for abuse of discretion. (*Ketchum v. Moses*, *supra*, 24 Cal.4th at p. 1130.) On this record, we agree with London and the trial court that the amount of $3,500 awarded against Glasser and her counsel does not constitute an abuse of discretion. The trial court emphatically found that the motion was frivolous and in bad faith as London's counsel had told Glasser's counsel that the petition would be dismissed within a few days and Glasser's counsel filed the motion without waiting to see if that actually occurred. (The dismissal was filed six days after the action was filed.) And, notwithstanding so finding, the trial court rejected London's counsel's request for a significantly larger amount. It is clear that the trial court's ruling was the result of the sound exercise of its discretion, and of its considered judgment of a reasonable amount to compensate London for services actually rendered.

8

Glasser further argues that the trial court erred because it did not comply with the requirement set out in the final sentence of section 128.5, subdivision (c) (incorporated by § 425.16, subd. (c)(1)) that, "[A]n order imposing sanctions 'shall be in writing and shall recite in detail the conduct or circumstances justifying the order,'" citing *Childs v. Paine Webber Inc.* (1994) 29 Cal.App.4th 982, 996. Although Glasser improperly describes the missing order as a "statement of decision,"[5] she is otherwise correct. Moreover, it does not matter that the trial court found the motion to be frivolous and in bad faith and so stated on the record in open court; the findings must be sufficiently documented. While a minute order setting out the bases for the award can be sufficient (*Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 555), the minute order issued in this case does not contain "a written factual recital, with reasonable specificity, of the circumstances that led the trial court to find the conduct before it sanctionable. . . ." (*Ibid.*) Instead, it merely recites the fact and amount of the sanctions awarded and sets a payment date. It omits the required statement of reasons required by law. Therefore, the matter must be remanded, not to revisit the amount awarded, which the record shows to be a proper exercise of the trial court's discretion, but to properly document its determination.

The award against Glasser's counsel must be reversed as her lawyer is not a party to the action and cannot be subject to a fee award under section 425.16. "Fee awards against attorneys are ordinarily available only as sanctions and are generally not allowed under routine fee-shifting provisions like the one in section 425.16." (*Moore v. Kaufman* (2010) 189 Cal.App.4th 604, 615.) It is clear from the record of proceedings on May 29, 2014, that the attorney was included because of conduct the trial court found to be improper; nevertheless, that conduct is not subject to sanction under the section applied in this case. (*Ibid.*)

---

[5] The term "statement of decision" is statutorily a statement issued after a court trial setting out the factual and legal bases for its decision. (See § 632.)

9

*Sanctions under section 527.6, subdivision (r)*

The reporter's transcript of proceedings on May 29, 2014, makes clear that the court did not consider Glasser's request for sanctions under this section. Notwithstanding the potential that the trial court would deny the motion were the matter specifically addressed, because the matter was not even considered, the trial court erred. We do not suggest that on remand the trial court should make an award under this section, only that Glasser may renew her motion.

*Other contentions*

London does not argue that this appeal is frivolous, removing the possibility of her recovering attorney fees on appeal. The remainder of the parties' contentions are resolved by the determinations made above.

## DISPOSITION

The trial court's denial of the anti-SLAPP motion is affirmed. Its award of sanctions to London is reversed. The matter is remanded to the trial court for further proceedings.

Each party shall bear its own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

GOODMAN, J.[*]

We concur:

TURNER, P. J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

KRIEGLER, J.