Filed 11/2/22  M.K. v. A.T. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| M.K., | C094233 |
| Appellant, | (Super. Ct. No. S-DR-0058203) |
| v. | |
| A.T., | ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |
| Respondent. | |

THE COURT:

It is ordered that the opinion filed herein on October 25, 2022, be modified as follows:

1.     Delete the first sentence in the first paragraph on page one that begins "Appellant M.T. appeals from," and insert the following sentence in its place:

Appellant M.K. appeals from the trial court's denial of a motion to set aside a judgment and orders granting respondent A.T.'s request for a domestic violence restraining order (DVRO).

2. Delete the first sentence in the first paragraph on page two that begins "On September 18, 2019," and insert the following sentence in its place:

On September 18, 2019, A.T. filed a request for a DVRO against M.K.

This modification does not change the judgment.
The petition for rehearing is denied.

BY THE COURT:

 ROBIE , Acting P. J.

 MAURO , J.

 KRAUSE , J.

2

Filed 10/25/22  M.K. v. A.T. CA3 (unmodified opinion)

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| M.K., | C094233 |
| Appellant, | (Super. Ct. No. S-DR-0058203) |
| v. | |
| A.T., | |
| Respondent. | |

Appellant M.K. appeals from the trial court's denial of a motion to set aside a judgment and orders granting his wife's request for a domestic violence restraining order (DVRO). M.K. argues that the trial court both abused its discretion and committed legal error by declining to grant him relief under Code of Civil Procedure section 473, subdivision (b).[1] We will affirm.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

FACTUAL AND PROCEDURAL HISTORY

A.      *Procedural background*

On September 18, 2019, M.K.'s wife, respondent A.T., filed a request for a DVRO against M.K. The request sought personal conduct and stay-away orders on behalf of herself and their nine-year-old son, C.K. She further asked that M.K. move out of her residence, that she have the right to record unlawful communications, and that the court issue custody and visitation orders for C.K. In support of her request, A.T. submitted a statement describing M.K.'s angry and erratic behavior towards A.T. and C.K., and M.K.'s failure to get adequate psychiatric treatment. In a supplemental declaration, A.T. described physical abuse by M.K.

M.K. retained attorney Robert McCann and filed a response to A.T.'s DVRO request on September 27, 2019. Using Judicial Council form DV-120, M.K. checked the box indicating that he did not agree to the order requested regarding "Other Protected People." However, with the respect to the stay-away order, M.K. checked boxes stating, "I do not agree to the order requested," "but I would agree to:" and wrote, "AWAY FROM [A.T.]" M.K. also marked the boxes stating he agreed to the personal conduct orders and agreed to A.T.'s request to record unlawful communications. He did not agree to the property and move-out orders and requested a referral to mediation regarding custody and visitation.

M.K.'s responsive pleading included a declaration which he titled "DV-120 Reasons I Do Not Agree." There, M.K. said that he did not feel A.T. had C.K.'s best interests in mind. He wrote: "I Request that [C.K.] be removed from the restraining order . . . . I request shared legal and full physical custody with supervised visitation to [A.T.] as I fear for [C.K.'s] safety." M.K. also denied that he was threatening, aggressive, or rough towards A.T., and further denied that he failed to take his psychiatric medications. He explained that he was opposed to moving out of the house because he

2

believed it would be detrimental to C.K. M.K. signed his DVRO response under penalty of perjury.

On October 3, 2019, McCann appeared on M.K.'s behalf at the hearing regarding a temporary DVRO (TRO). At the hearing, McCann did not assert that M.K. was opposed to the restraining order against A.T. The trial court granted a TRO as to A.T. but not as to C.K.

In February 2020, M.K. retained new attorneys, Sean Musgrove and Diane Yapundich. Musgrove reviewed the court documents, including M.K.'s DVRO response, but apparently did not notice M.K.'s assent to a stay-away order from A.T. and personal conduct orders. The parties stipulated to a two-day trial on the DVRO. The trial court ordered them to file their witness lists and any statements of issues and contentions by September 18, 2020, and set trial for October 8 and 9.

B.     *The DVRO trial*

On October 8, 2020, the parties and their counsel appeared for trial, with M.K. appearing telephonically. A.T.'s counsel made an oral motion in limine, asking that "based on [M.K.'s] response to the request for [DVRO] where [M.K.] agreed to a stay away order as to [A.T.], and agreed to a personal conduct order, and agreed to an order for recording, that the Court make a finding that those issues are no longer in dispute." A.T.'s counsel asserted that the only matters still at issue were the length of time for the restraining order after the hearing and the move-out order. A.T.'s counsel argued that based on his pleading, M.K. was "judicially estopped from taking a different position."

M.K.'s counsel, Yapundich, objected, asserting that the motion in limine should have been filed with the witness list because it was made without notice to M.K. A.T.'s counsel countered that there was notice, especially since M.K.'s position was reinforced during M.K.'s deposition, at which Yapundich was present. A.T.'s counsel then read from M.K.'s deposition, in which M.K. reviewed his response to the DVRO and confirmed that everything was true and correct. M.K. also confirmed that he "signed off

3

on" his agreement with the personal conduct orders, though he was "very surprised" to see that he had checked the box agreeing to the order. And, when asked, as to "Box 7 with respect to the request for a stay away order, you say you agree to a stay away order as to [A.T.], correct?" he responded, "I show I do not agree to the order requested but I would agree to—yeah, but I would agree to stay away from [A.T.]" Deposing counsel clarified, "So you agree to a stay away order as to [A.T.], correct?" and M.K. answered, "That's correct." Counsel asked, "And you agree to a stay away order from [A.T.], [ ], but not a stay away order as to [C.K.], correct?" M.K. answered, "Yes."

A.T.'s counsel argued that M.K.'s verified response to the DVRO, confirmed at his deposition, bound M.K. to his concessions in the pleading. Yapundich responded that M.K. was not clear on what he said at the deposition and what box he checked, and that his answers in his responsive pleading and at his deposition, indicated his confusion.

After stating that it would rule on A.T.'s "verbal motion in limine to address the exclusion and/or a request for presumptively an estoppel . . . as to the offering of evidence on certain portions of" A.T.'s DVRO application, the trial court found that M.K.'s verified response to the DVRO "reaffirmed in part in his deposition indicate that he had no objection to personal conduct orders protecting [A.T.]" As M.K.'s verified response stated that he did not agree to the order requested but did expressly assert that he agreed to stay-away from A.T., the court found that "[M.K.] agreed to a restraining order and stay away order as to [A.T.], but did not agree to a stay away order with regards to the minor child." The trial court, therefore, ordered that M.K. was "prohibited and excluded . . . from submitting or offering evidence that would counter" A.T.'s request for a stay-away order. It further prohibited M.K. from offering evidence with regard to the personal conduct orders and order permitting A.T. to record unlawful communications. The trial court reasoned that the request for personal conduct orders and the stay-away order were "not at issue because they were not placed at issue by the pleadings filed by [M.K.] [¶] Secondly, he had an opportunity to disavow his answers and his responses to

4

his deposition . . . and he did not do so.  Therefore, the Court has made the order for exclusion of evidence on those issues . . . and they are therefore not at issue."

The trial court ultimately granted a DVRO as to A.T. only but shortened the time to 18 months because M.K. agreed to the orders, and the court wished to "reward right doing."[2]  It further restrained M.K. from harassing and contacting A.T., ordered M.K. to stay 100 yards from A.T. in certain areas, granted the move-out order, and extended the custody order already in place.  The parties agreed to remove C.K. as a protected party from the TRO.

C.     *M.K.'s set aside motion*

On March 5, 2021, five months after the DVRO trial, M.K. moved to set aside the judgment and orders granting the DVRO and requested a new trial.  M.K. argued that he was entitled to relief under the discretionary provisions of section 473, subdivision (b), based on mistake, inadvertence, surprise, and/or excusable neglect.  In support of the motion, Musgrove provided a declaration stating that he reviewed M.K.'s DVRO response after M.K. retained him as counsel.  However, Musgrove "missed the fact" that M.K.'s response, filed by his former attorney, indicated M.K.'s agreement to the personal conduct order and stay-away order from A.T.  He also stated that he was under the impression that M.K. opposed the DVRO because his responsive declaration denied that

---

**2**      We requested supplemental briefing on the question of mootness, given that the DVRO was set to expire on April 8, 2022.  M.K. submitted a letter brief representing that the DVRO has been extended to at least October 31, 2022, when the court will hear A.T.'s pending request to renew the DVRO.  M.K. further notes that Family Code section 3044 creates a five-year rebuttable presumption that an award of sole or joint custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of a child.  Thus, he contends that even if the DVRO had expired, it may impact his ability to obtain custody of C.K. for five years.  A.T. did not argue to the contrary.  We agree with the parties that the matter is accordingly ripe for appeal.  (See *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495-496 [appeal from expired civil harassment restraining order is not moot if the order has been renewed].)

any domestic violence had occurred. Musgrove averred that had he noticed M.K.'s position, he would have filed a motion to amend the pleadings to accurately reflect the legal position that he took at subsequent hearings and in communication with A.T. and her attorneys.

M.K.'s other current attorney, Yapundich, also submitted a declaration stating that she did not have notice of A.T.'s motion in limine prior to trial. She further explained: "After the October 8, 2020 date, I learned that [M.K.'s] prior counsel, Mr. McCann, did not attach the correct declaration" to M.K.'s DVRO response. She realized the error while reviewing the court file.

Finally, M.K. represented in his declaration that he repeatedly told McCann he opposed the restraining order. M.K. asked McCann to file M.K.'s amended declaration clarifying his opposition, but McCann sent the declaration to the mediator instead of the court. Although McCann assured M.K. that he would file the corrected declaration, M.K. reviewed the court file "in the middle of October 2020" and learned at that time that his supplemental declaration was never filed.

At the hearing on the motion, the trial court stated that it had reviewed all the papers, pleadings, and the minutes from the trial. It then denied the motion to set aside on two grounds: "1) There was no . . . request to amend and/or for relief at the time of the trial; [and] 2) The filing for the relief was not made as soon as possible and effective even with the COVID issues." It further stated that its "primary focus is that at the time of trial [A.T.] was entitled to rely on the verified response to the DVRO application." The court said that if Musgrove had made an oral motion to amend M.K.'s response at trial, it would have permitted the amendment and continued the trial. However, Musgrove failed to do so.

6

DISCUSSION

I

*Section 473, Subdivision (b)'s Discretionary and Mandatory Provisions*

M.K. argues that the trial court erred by denying his motion under both the discretionary and mandatory provisions of section 473, subdivision (b). However, M.K.'s motion did not seek mandatory relief from default. Thus, as we explain, we may only consider whether the trial court erred by denying M.K.'s request for discretionary relief.

Section 473, subdivision (b) contains both mandatory and discretionary provisions for relief. (*Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 438.) The discretionary provision states that the court "may . . . relieve a party or his or her legal representative" from a variety of orders, including a "judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) The mandatory provision is more limited in a sense, applying only to defaults and dismissals. (*Martin Potts, supra*, at p. 438.) The mandatory provision requires the court to grant relief where the motion is supported by an attorney's "sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect" which caused the default. (§ 473, subd. (b).) For discretionary relief, the court retains, of course, discretion to grant relief, and an attorney affidavit is not required. (*Ibid.*) Further, as relevant here, the statute permits discretionary relief based on "*excusable* neglect," whereas it provides for mandatory relief when an attorney attests to "neglect," whether or not excusable. (*Martin Potts*, at p. 438; § 473, subd. (b).)

In his notice of motion, M.K. sought relief under section 473, subdivision (b) "based on mistake, inadvertence, surprise, and/or *excusable neglect*." (Italics added.) Thus, the notice sought relief only under the discretionary provision of the statute and, "[a]s a general rule, the trial court may consider only the grounds stated in the notice of

7

motion." (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1125 (*Luri*).) Although M.K. subsequently filed an amended notice using a Judicial Council form, the amended notice also did not specify whether he sought mandatory or discretionary relief, referencing only the statute. Further, the purpose of the notice requirements is to cause the moving party to "sufficiently define the issues for the information and attention of the adverse party and the court." (*Hernandez v. National Dairy Products* (1954) 126 Cal.App.2d 490, 493.) M.K. filed the amended notice seven days before the hearing, which was after A.T. filed her opposition responding to M.K.'s arguments for discretionary relief. Thus, the amended notice did not change the nature of the motion.

We acknowledge that "[a]n omission in the notice may be overlooked if the supporting papers make clear the grounds for the relief sought." (*Luri, supra*, 107 Cal.App.4th at p. 1125.) But here, M.K.'s motion expressly—and exclusively—argued that the court had the "discretionary authority" to set aside the order based on "mistake, inadvertence, surprise, and/or excusable neglect." M.K. admits as much in his opening brief. Moreover, the attorney affidavits submitted in support of the motion, standing alone, are insufficient to transform the motion into one seeking mandatory relief. (See *Luri*, at pp. 1125-1126 [trial court not required to consider mandatory relief where the notice of motion specified only discretionary relief as grounds for motion, even where motion included attorney affidavit of fault].) The trial court accordingly did not err by failing to consider the application for relief under the mandatory provision of section 473, subdivision (b).[3]

---

[3] We reject M.K.'s contention that his motion adequately sought mandatory relief because his reply brief below "reference[d] mandatory relief." Even if his reference on reply to mandatory relief was a fully articulated argument, which it was not, it is generally improper to raise new arguments on reply. (*American Drug Stores, Inc. v. Stroh* (1992) 10 Cal.App.4th 1446, 1453.)

8

We also will not consider whether M.K. can obtain mandatory relief on appeal, as M.K. has forfeited this contention by failing to raise the argument below. (*Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1038 ["arguments not raised in the trial court are forfeited on appeal"].) Accordingly, we will review the trial court's ruling based only on the discretionary provision of section 473, subdivision (b).

## II

### *Timeliness*

The trial court denied M.K.'s motion on two distinct, but interrelated, grounds: (1) the motion was not timely brought; and (2) M.K. did not seek to amend his response at the time of trial. We conclude that the trial court did not abuse its discretion in finding M.K.'s motion was untimely, and on this basis affirm.

A discretionary motion to set aside " ' "is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal." [Citations.] Moreover, all presumptions will be made in favor of the correctness of the order, and the burden of showing abuse is on the appellant.' " (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200.) Although an order denying relief under section 473, subdivision (b) is scrutinized more closely than an order permitting trial on the merits, our review is still "highly deferential." (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413.) " ' " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " [Citations.]' [Citation.]" (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 118.)

With respect to timeliness, a party seeking relief under section 473 must be diligent. (*Zamora v. Clayborn Contracting Group, Inc*. (2002) 28 Cal.4th 249, 258; accord, *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1420 ["threshold requirement for

9

relief is the moving party's diligence"].)  The statute provides that a party moving for discretionary relief must do so "*within a reasonable time*, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."[4]  (§ 473, subd. (b).)  (Italics added.)  "What constitutes ' "a reasonable time in any case depends upon the circumstances of that particular case" ' [citation] and is a question of fact for the trial court.  [Citation.]" (*Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 33.)  "A delay is unreasonable as a matter of law only when it exceeds three months and there is no evidence to explain the delay.  [Citations.]" (*Id.* at p. 34.)

Here, M.K. fails to provide any excuse for his lengthy delay in seeking to set aside the DVRO and file an amended pleading.  The evidence shows that on September 4, 2020, M.K. was deposed with Yapundich present.  At that time, A.T.'s counsel went through each of M.K.'s answers in his pleading, questioning and confirming M.K.'s lack of opposition to the requested orders.  One month later, at the October 2020 trial, A.T.'s counsel brought her motion in limine, again reminding M.K. and Yapundich that M.K. agreed to the personal conduct order, recording order, and stay-away order as to A.T. in his responsive pleading.  Through the motion in limine, A.T.'s counsel also made clear her position that M.K.'s concessions represented a lack of opposition to the orders.  According to the declaration filed with his set aside motion, approximately one week after the October 2020 trial, M.K. reviewed the court file and learned that his prior counsel had failed to file his supplemental declaration clarifying that he opposed the restraining order.  Thus, M.K. had all the information required to file a section 473, subdivision (b) motion by the middle of October 2020.

---

[4]  Section 473, subdivision (b)'s mandatory provision, however, requires only that the application for relief be made "no more than six months after entry of judgment," without any reasonableness requirement.  (§ 473, subd. (b).)

Nonetheless, M.K. inexplicably waited nearly five months to file his motion to set aside. None of the declarations submitted with the moving papers explain the delay. Yapundich simply attests that she learned McCann submitted the incorrect declaration "[a]fter the October 8, 2020 date," without any further detail. M.K. and Musgrove's declarations are silent as to the delay.[5] Based on this evidence, the trial court was well within its discretion to determine that M.K. did not file the motion within a reasonable time, as M.K. and his attorneys were aware of both his erroneous pleading and inaccurate declaration in October 2020, yet waited five months before seeking relief.

We note that Yapundich attempted to provide further explanation regarding the delay in her reply affidavit, declaring that despite requesting M.K.'s court file in November 2020, miscommunications with the clerk's office and COVID-19-related obstacles prevented her from receiving the file until February 1, 2021. The trial court typically cannot consider evidence submitted on reply. (*Plenger v. Alza Corp.* (1992) 11 Cal.App.4th 349, 362, fn. 8 [new evidentiary matter in reply allowed only in exceptional cases].) Even if it had considered the evidence, it was within its discretion to find Yapundich's belated explanation insufficient to support a reasonable delay. There is no dispute that M.K.'s attorneys knew of the error in the pleadings in October 2020, which provided the basis for the set aside motion. It is unclear why M.K.'s attorneys also

---

[5] Musgrove declares that had he realized the issue in M.K.'s response, he would have filed a motion to amend the pleadings. While there is no express requirement that a party move for leave to amend "immediately" upon realizing it is required, Musgrove's declaration only reinforces the trial court's observation that Yapundich should have sought to amend M.K.'s response at trial, when A.T.'s counsel made the issue clear. It also again begs the question why neither attorney moved to set aside and file the amended pleading soon after trial.

needed to learn that McCann failed to file M.K.'s supplemental declaration before bringing the motion.[6]

As section 473, subdivision (b) relief "is not warranted unless the moving party demonstrates diligence in seeking it" (*Huh v. Wang, supra*, 158 Cal.App.4th at p. 1420), and the trial court acted within its discretion to find that M.K. failed to bring the motion within a reasonable time, we affirm the denial of the motion.

DISPOSITION

The order denying M.K.'s request to set aside the DVRO as to A.T. is affirmed. A.T. shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


                                                                        KRAUSE            , J.


We concur:


     ROBIE            , Acting P. J.


     MAURO          , J.

---

[6]    The unfiled supplemental declaration is not included in the record, as M.K. instead lodged a *new* supplemental declaration in support of his motion. Further, M.K. declares that in October 2020 *he* reviewed the court file and discovered that his supplemental declaration was not on file. Thus, even if the unfiled declaration were relevant to the motion to set aside, there is no explanation why his attorneys waited months to obtain another copy of the court file before filing the motion.